Argued and submitted July 27, reversed and remanded for reconsideration December 14, 1988, reconsideration denied February 10, petition for review allowed April 4, 1989 (307 Or 611)

In the Matter of the Compensation of
Reyes S. Garcia, Claimant.

GARCIA,
*Petitioner,*

*v.*

BOISE CASCADE CORPORATION,
*Respondent.*

(WCB 85-15946; CA A46569)

765 P2d 1245

Quintin B. Estell, Salem, argued the cause and filed the brief for petitioner.

Paul Dakopolos, Salem, argued the cause for respondent. On the brief were Paul J. DeMuniz and Garrett, Seideman, Hemann, Robertson & DeMuniz, Salem.

Before Warden, Presiding Judge, and Graber, Judge, and Van Hoomissen, Judge pro tempore.

WARDEN, P. J.

## WARDEN, P. J.

In this workers' compensation case, claimant seeks to establish the compensability of a disabling degenerative condition of his low back. At the hearing, he asserted that the degenerative condition was an occupational disease or, alternatively, that the herniated disc was caused by a compensable injury that he sustained on September 26, 1985, while working for employer. The referee upheld employer's denial of compensability. The Board affirmed the referee without comment. We review for substantial evidence and errors of law, ORS 656.298(6),[1] and reverse and remand for reconsideration.

To prevail on an occupational disease claim for a preexisting condition, the claimant must prove by a preponderance of the evidence that

"(1) his work activity and conditions (2) caused a worsening of his underlying disease (3) resulting in an increase in his pain (4) to the extent that it produces disability or requires medical services." *Weller v. Union Carbide,* 288 Or 27, 35, 602 P2d 259 (1979).

*See Wheeler v. Boise Cascade Corp.,* 298 Or 452, 457, 693 P2d 632 (1985); *AMFAC, Inc. v. Ingram,* 72 Or App 168, 171, 694 P2d 1005, *rev den* 299 Or 37 (1985). He must also establish that the work activity or conditions were the major contributing cause of the worsening of the underlying disease. *AMFAC, Inc. v. Ingram, supra,* 72 Or App at 171 n 2. To prevail on the injury claim, claimant must prove by a preponderance of the evidence that the September 26, 1985, injury was a material contributing factor in producing the disability. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 55, 602 P2d 268 (1979); *Destael v. Nicolai Co.,* 80 Or App 596, 600, 723 P2d 348 (1986).

The medical evidence comes only from Drs. Munson and Collada, both of whom treated claimant. Collada's deposition testimony is so ambiguous that both claimant and employer can and do rely on it to support their opposing positions. Munson believes that claimant's "heavy lifting" during his work with employer is "a major if not the major contributing factor aggravating his [degenerative low back

---

[1] Or Laws 1987, ch 884, § 12a. The opinion and order of the referee, which the Board affirmed without opinion, is adequate for judicial review under ORS 656.298. *George v. Richard's Food Center,* 90 Or App 639, 752 P2d 1309 (1988).

condition]." The referee discounted Munson's opinion, because "the record indicates that claimant's work did not involve heavy lifting" and "because [Munson] was unaware of the claimant's actual work history." Those findings are not supported by substantial evidence in the record. It is undisputed that claimant worked several years, including the years 1983 to 1985, "pulling greenchain" for employer, a job that the record reveals requires substantial lifting as well as pulling, bending and twisting. The record also indicates that Munson had treated claimant since 1973, so that he could not have been "unaware of claimant's work history." Because Munson's opinion supports claimant's position, and because the referee erred in discounting Munson's opinion for the reasons that he did, we reverse and remand for reconsideration.

Reversed and remanded for reconsideration.