Argued and submitted July 6, 1989, the decision of the Court of Appeals reversed and case remanded to the Court of Appeals February 22, 1990

In the Matter of the Compensation of
Reyes S. Garcia, Claimant.

GARCIA,
*Respondent on Review,*

*v.*

BOISE CASCADE CORPORATION,
*Petitioner on Review.*

(WCB No. 85-15946; CA A46569; SC S35840)

787 P2d 884

Susan A. Bischoff, Salem, argued the cause for petitioner on review. On the petition for review were Robert R. Trethewy, and Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem.

Quintin B. Estell, Salem, filed the response and argued the cause for respondent on review.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette and Fadeley, Justices.

CARSON, J.

** Linde, J., retired January 31, 1990.

## CARSON, J.

In this workers' compensation case, the Court of Appeals concluded that the referee's findings of fact, which were affirmed by the Workers' Compensation Board, are not supported by substantial evidence. *Garcia v. Boise Cascade Corp.*, 94 Or App 362, 765 P2d 1245 (1988). Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding. ORS 183.482(8)(c).[1] Because we conclude that the Court of Appeals did not correctly apply the substantial evidence standard of review, we reverse its decision and remand the case to the Court of Appeals.

In 1985, claimant injured his back while working at employer's mill pulling sheets of veneer off a conveyor belt or "greenchain," a task claimant described at his deposition as "light" work. Claimant sought workers' compensation for his degenerative back condition. At the hearing, claimant introduced a letter from Dr. Munson, his treating physician, stating that "heavy lifting" at claimant's job was "a major if not the major contributing factor aggravating [claimant's degenerative back condition]." The referee discounted Dr. Munson's opinion because "the record indicates that claimant's work did not involve heavy lifting" and because Dr. Munson "was unaware of the claimant's actual work history." The referee then concluded "that the claimant has not met his burden of establishing that the work activities for this employer were the major contributing cause of his degenerative back condition."[2] The Board affirmed the referee's decision. The Court of Appeals disagreed with the referee and the Board, concluding that the referee erred in discounting Dr. Munson's opinion. 94 Or App at 365.

The Court of Appeals came to this conclusion on the

---

[1] ORS 183.482(8)(c) provides:

"The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

[2] Claimant initially sought compensation on alternative theories that his degenerative condition was an occupational disease or that, as to his herniated disc, it was the result of an industrial injury. The referee concluded that claimant had not met his burden on the injury alternative. Claimant has not pursued his industrial injury claim.

ground that the referee's findings—that claimant's work did not involve heavy lifting and that Dr. Munson was unaware of claimant's work history—are not supported by substantial evidence in the record. 94 Or App at 365. The court observed that claimant "worked several years, including the years 1983 to 1985, 'pulling greenchain' for employer, a job that the record reveals requires substantial lifting as well as pulling, bending and twisting." 94 Or App at 365. The court also stated that Dr. Munson had treated claimant since 1973 and so could not have been unaware of claimant's work history. 94 Or App at 365.

The Court of Appeals formerly would have reviewed *de novo, see former* ORS 656.298(6) (1985), thus permitting the court to make its own findings. Since 1987, however, the court has been required to review for substantial evidence. Or Laws 1987, ch 884, § 12a; ORS 183.482(8)(c) and 656.298(6). As stated above, substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding. ORS 183.482(8)(c). A court must "evaluate the substantiality of supporting evidence by considering *all* the evidence in the record." *Younger v. City of Portland,* 305 Or 346, 356, 752 P2d 262 (1988). (Emphasis added.) That is, the court must evaluate evidence against the finding as well as evidence supporting it to determine whether substantial evidence exists to support that finding. If a finding is reasonable in light of countervailing as well as supporting evidence, the finding is supported by substantial evidence. *See Armstrong v. Asten-Hill Co.,* 90 Or App 200, 206, 752 P2d 312 (1988).

Here, the Court of Appeals did not evaluate all the evidence to determine whether a reasonable person could have made the findings that the referee and the Board made on the evidentiary record. Instead, the court concluded that certain evidence supported findings different from those reached by the referee and that the referee (and the Board) thus erred. The Court of Appeals effectively has substituted its view of the evidence, contrary to ORS 183.482(8)(c). That was an incorrect application of the substantial evidence standard of review.

The twist in this case was a negative finding by the referee (and the Board). That is, purportedly based on the evidence, the referee "discounted" the opinion of Dr. Munson

that the heavy lifting was "a major if not the major contributing factor aggravating [claimant's degenerative back condition]." Once the opinion of Dr. Munson was discounted, the referee concluded that claimant had failed to carry his burden of establishing a compensable claim.

In cases where evidence is rejected or disregarded by the referee, and such action purports to be based on facts, it is appropriate for the reviewing court to examine whether the referee's decision to disregard or discount evidence in the record is supported by substantial evidence. Put another way: An assertion of a finding of fact as part of an explanation for disregarding evidence is subject to attack if that fact relied upon is not, itself, supported by substantial evidence.

Here, the referee, in support of his conclusion to discount Dr. Munson's opinion testimony, relied on an explanation that "the record indicates that claimant's work did not involve heavy lifting" and that Dr. Munson "was unaware of the claimant's actual work history." The Court of Appeals, after stating that the foregoing findings were not supported by the evidence (the correct test), reversed the Board because it found that some evidence *did* suggest that claimant's work required substantial lifting, pulling, bending and twisting, and that Dr. Munson *was* aware of claimant's work history. Essentially, the Court of Appeals held that there was substantial evidence supporting claimant's position. Even if true, that is irrelevant. The appropriate question was not whether substantial evidence supported claimant's claim, but whether substantial evidence supported the referee's decision.

The evidence in this case conflicts: Claimant's job might or might not have been the major contributing cause of claimant's degenerative back condition, pulling veneer might or might not be considered heavy work, and Dr. Munson might or might not have understood claimant's work history. Rather than reviewing the record to determine if substantial evidence supported the referee's order, which, in this case, necessitated an examination for substantial evidence to support the referee's decision to disregard Dr. Munson's opinion, the Court of Appeals reexamined the record and simply reached a contrary conclusion. That was error.

Finally, claimant has argued before the Board, the Court of Appeals, and this court, for application of the last

injurious exposure rule. That rule might render employer, as claimant's last employer, liable for claimant's degenerative back condition if claimant established that the condition was caused by one of two or more places of employment. *See Stovall v. Sally Salmon Seafood,* 306 Or 25, 31, 757 P2d 410 (1988); *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984); *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982).

The issue was not raised before the referee at the hearing. Neither the Board nor the Court of Appeals addressed it. We assume that the Board ignored this issue either because it deemed the issue waived or because the Board determined that claimant did not satisfy a prerequisite to the operation of the rule—that claimant's degenerative back condition was caused by *any* place of employment. Presumably, the Court of Appeals did not reach this issue either because it determined that the claim was compensable by this employer or because it, too, deemed the issue waived. Depending upon the decision on remand, this issue may, or may not, properly be deemed revived.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for proceedings consistent with this opinion.