. Argued and submitted December 20, 1989, affirmed July 25, reconsideration denied September 26, petition for review denied November 6, 1990 (310 Or 547)

## RICHARD LOVETTE,
### aka William Hodges,
*Petitioner,*

*v.*

## PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

### (88-1008; CA A60889)

795 P2d 587

Harris S. Matarazzo, Salem, argued the cause and filed the brief for petitioner.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Petitioner seeks review of a Psychiatric Security Review Board (PSRB) order denying his request for conditional release and continuing his commitment to the Oregon State Hospital. He assigns error to the findings that he cannot be adequately controlled and that the necessary treatment and supervision are unavailable. We affirm.

In December, 1988, the court found petitioner guilty except for insanity on two counts of attempted murder with a firearm, assault in the first degree with a firearm and three counts of robbery in the first degree with a firearm and placed him under the jurisdiction of PSRB for a maximum of 40 years. In March, 1989, PSRB held a hearing to determine whether petitioner's commitment should continue or whether he should be conditionally released or discharged. ORS 161.341(4)(c); ORS 161.341(7)(a). He stipulated that he had a mental disorder and posed a substantial danger to others. Petitioner then requested that he be found suitable for conditional release and, if PSRB so found, that he be granted time to prepare and submit a verified release plan for approval. Alternatively, he requested that PSRB order an evaluation of his condition. PSRB denied petitioner's request for conditional release and declined to order an evaluation, leaving that decision to the discretion of the Oregon State Hospital.

On review, petitioner argues that the finding that he could not be adequately controlled if he were conditionally released is not supported by substantial evidence. He also challenges PSRB's finding that the necessary treatment and supervision that he requires are unavailable, because *no* evidence was presented on that issue. Petitioner contends that he should be permitted to develop and present a conditional release plan for PSRB's review *before* it decides that conditional release is not a viable option.[1]

---

[1] PSRB's administrative rules allow a preliminary finding that an individual is appropriate for conditional release "pending submission" of a verified release plan. OAR 859-60-015(3) provides:

"*If* the Board finds the person is still affected by a mental disease or defect and is a substantial danger to others but can be adequately controlled with treatment and supervision if conditionally released, the Board *shall* follow procedures set forth in Division 70." (Emphasis supplied.)

OAR 859-70-010(2) provides:

"If the Board finds the person could be controlled in the community but no

PSRB made these fact findings:

"2.   [Petitioner] could not be adequately controlled with supervision and treatment if he was conditionally released as shown by the exhibits and testimony at the hearing including the factors noted in the stipulation. This finding is further supported by the information contained in Exhibit 7.

"3.   The supervision and treatment necessary for [petitioner's] conditional release are not currently available in the community. This finding is based upon the fact that no verified conditional release plan was presented by [petitioner], as well as the information contained in Exhibits 7 and 8."

PSRB concluded, as a matter of law:

"2.   [Petitioner] is not a proper subject for conditional release because the supervision and treatment are not available and it would not be in the best interests of justice and the protection of society to release him at this time."

ORS 161.336 provides, in pertinent part:

"(1)   If the board determines that the person presents a substantial danger to others but can be adequately controlled with supervision and treatment if conditionally released *and* that necessary supervision and treatment are available, the board may order the person conditionally released, subject to those supervisory orders of the board as are in the best interest of justice, the protection of society and the welfare of the person." (Emphasis supplied.)

The statute requires a two-part analysis. First, PSRB must determine whether a petitioner can be adequately controlled if conditionally released. If so, the second inquiry is whether, in fact, the necessary treatment and supervision are available.

■      After hearing testimony and considering all the evidence in the record, supporting as well as countervailing,

---

conditional release plan has been approved by the Board, the Board may order the person committed but find the person appropriate for conditional release pending submission of a conditional release plan. The Board shall specify what conditions the plan should include and may approve the conditional release plan submitted by the staff of the hospital, by the patient or someone on the patient's behalf at an administrative hearing."

OAR 859-70-010(3) provides:

"If a verified conditional release plan has not been approved and the conditions need further examination and approval of the Board, the Board may commit the patient, find the patient appropriate for conditional release or continue the hearing."

PSRB found that petitioner could not be adequately controlled if he were conditionally released. The experts, two psychiatrists and two clinical psychologists, were equivocal, at best, as to whether petitioner could be controlled in the community. They all noted that he was emotionally "fragile" and had a propensity to deteriorate into psychotic functioning under stress. Only one expert believed, although cautiously, that, with "routine mental health follow-up contacts," petitioner was "not likely to be a continuing danger." Two others agreed that, despite the absence of any currently active psychosis, they were nonetheless opposed to conditional release at the time of the hearing. The remaining expert, Dr. Colbach, was the most equivocal and deferred the question of the appropriateness of conditonal release to the treating psychiatrist. Viewing the record as a whole, we conclude that finding numbered 2 is supported by substantial evidence. ORS 183.442(8)(c); *Garcia v. Boise Cascade,* 309 Or 292, 295, 787 P2d 884 (1990); *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 206, 752 P2d 312 (1988).

■ Because PSRB answered the threshold question in the negative, it need not have addressed the second question, which is whether there is adequate treatment and supervision available in the community. Once it determined that petitioner could not be controlled on conditional release, it necessarily had to conclude that he was not an appropriate candidate for conditional release at that time. Thus, although PSRB's conclusion of law that petitioner is not a proper subject for conditional release was based on findings not necessary to its decision,[2] we affirm.

Affirmed.

---

[2] The finding that there was not adequate supervision and treatment available was not supported by the evidence, because none of the experts had any specific information about community mental health resources. However, because it was not necessary for PSRB to reach the adequacy question, the error does not warrant reversal.