Argued and submitted September 24, affirmed November 3, 1993

## JOHN JAMES BAHRENFUS,
*Petitioner,*

*v.*

## PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

## (86-851; CA A76280)

862 P2d 553

Jay Edwards argued the cause and filed the brief for petitioner.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

■ Petitioner seeks review of a Psychiatric Security Review Board (PSRB) order denying his request for conditional release and continuing his commitment to the Oregon State Hospital (OSH). He assigns error to PSRB's findings. We review for substantial evidence, ORS 161.385(8)(c); ORS 183.482(8), and affirm.

In 1986, petitioner shot his father to death while telling his mother, "Mom, he's Satan, he's got to die." After shooting his father four times in the head, he stated that father was not dead, "just faking it." Petitioner then struck his father with a hammer four times. He was found guilty of murder except for insanity and placed under PSRB jurisdiction for life.

In June, 1992, a hearing was held at petitioner's request to determine whether his condition warranted discharge or continued commitment. Petitioner requested conditional release if discharge was not granted. Three expert witnesses testified at the hearing: Dr. Russell, an OSH psychiatrist, Dr. Schwartz, an OSH psychologist, and Mr. Goodman, a social worker. Russell and Goodman concluded that conditional release was appropriate. Schwartz testified that petitioner was not ready for conditional release. Both Russell and Schwartz testified that petitioner's psychosis was in remission.

■ After the hearing, PSRB found that petitioner suffers from a mental disease or defect, presents a substantial danger to others and is unfit for conditional release.[1] PSRB

---

[1] In its second finding, PSRB stated that petitioner had not shown, by a preponderance of the evidence, that he no longer suffers from a mental disease or defect. In its conclusion, it found that he was so afflicted. Petitioner accepts the allocation of the burden of proof to him. He cites OAR 859-50-55(4), which provides that a hospital patient always has the burden of proving fitness for conditional release. However, ORS 161.341(5) provides, in part:

"The applicant must prove by a preponderance of the evidence the applicant's fitness for discharge or conditional release * * *, unless more than two years has passed since the state had the burden of proof on that issue, in which case the state shall have the burden of proving by a preponderance of the evidence the applicant's lack of fitness for discharge or conditional release."

Petitioner has sought discharge or conditional release at least seven times, at six month intervals. We find no indication in the record that PSRB ever placed the burden of proof upon the state. However, petitioner does not assign error to the allocation of the burden of proof, so we decline to consider it.

then concluded that petitioner remains under its jurisdiction. Under ORS 161.341(2), petitioner is entitled to discharge or conditional release if he is no longer affected by a mental disease or defect or, if so affected, he no longer presents a substantial danger to others. Petitioner first argues that substantial evidence does not support PSRB's finding that he suffers from a mental disease or defect. He criticizes PSRB's use of Russell's testimony to support that finding, because Russell testified that petitioner no longer suffers from a mental disease. However, Russell also testified that petitioner was suffering from a mental disorder, psychosis, which is now in remission.[2] Under ORS 161.327(3), someone with a mental disorder in remission has a mental disorder if the disease may, with reasonable medical probability, become active and render the person dangerous to others. Russell admitted that petitioner's personality disorder predisposed him to use drugs and that drug use would probably cause his psychosis to become active. That is a "reasonable medical probability." An active psychosis would render petitioner dangerous to others. Taken as a whole, Russell's testimony supports a finding that petitioner is mentally ill for the purposes of ORS 161.327(3). Schwartz's testimony that petitioner has a psychotic disorder, currently in remission, also supports PSRB's finding. Viewing the record as whole, we conclude that substantial evidence supports PSRB's finding that petitioner suffers from a mental disease or defect. ORS 183.482(8).

■      Petitioner next assigns error to the finding that he presents a substantial danger to others. PSRB relied on the testimony of Russell, who said:

> "[Petitioner] should never take amphetamines again or any kind of stimulant such as alcohol and that having behaved this way in the past, drugs and murder, that the odds are great, you know, if you had to pick someone out of a group who's most likely to do these things, Mr. Bahrenfus would come to the top."

PSRB also cited Goodman's testimony. According to Goodman, it was a "coin flip" whether petitioner could abstain

---

[2] We do not understand Russell's testimony to be contradictory. Russell apparently rejects the theory underlying ORS 161.327(3) and believes that someone whose mental illness is in remission may not be mentally ill, even if the illness could become active.

from methamphetamine. The testimony of Goodman and Russell is substantial evidence that petitioner is dangerous.

A petitioner who is mentally ill and dangerous to others may nevertheless be entitled to conditional release if the criteria of ORS 161.336(1) are satisfied:

> "If the board determines that the person presents a substantial danger to others but can be adequately controlled with supervision and treatment if conditionally released and that necessary supervision and treatment are available, the board may order the person conditionally released, subject to those supervisory orders of the board that are in the best interests of justice, the protection of society and the welfare of the person."

The statute requires a two-part analysis. The first is whether petitioner can be adequately controlled. If the answer is "no," PSRB need not address the second question, which is whether necessary supervision and treatment are available. *Lovette v. PSRB*, 102 Or App 548, 795 P2d 587, *rev den* 310 Or 547 (1990).

PSRB based its finding that petitioner could not be adequately controlled in the community on the testimony of Russell and Schwartz. According to Russell, petitioner is prone to use drugs and, while under their influence, is prone to murder people. Schwartz testified that petitioner was not ready for release. That supports PSRB's finding that petitioner cannot be adequately controlled in the community. Therefore, we need not reach the issue of whether adequate community resources exist.

Affirmed.