Argued and submitted August 5, reversed and remanded November 9, 1994

In the Matter of the Compensation of
Martin O. Tadlock, Claimant.

LANE COUNTY,
*Petitioner,*

*v.*

Martin O. TADLOCK,
*Respondent.*

(92-10524; CA A82985)

884 P2d 875

Brian L. Pocock argued the cause and filed the brief for petitioner.

Allison Tyler argued the cause for respondent. With her on the brief was Rasmussen & Henry.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Employer seeks review of an order of the Workers' Compensation Board awarding claimant compensation for head and upper body injuries. We reverse.

Claimant is employed as a deputy sheriff assigned to the Lane County Jail. He is certified as a corrections officer by the Board on Public Safety Standards and Training.[1] After completing his work shift on June 28, 1992, claimant left work in his own car, dressed in civilian clothes. He stopped at a grocery store on the way home on a personal errand. As he walked toward the grocery store, three men approached him shouting profanities. They surrounded him and threatened him. Claimant attempted to reason with the men and then displayed his badge and identified himself as a deputy sheriff. The men assaulted claimant, knocking him unconscious. He suffered injuries to his head and upper body. Employer denied his claim for compensation on the ground that the injury did not arise out of and in the course of his employment.

The Board reversed the referee's denial of compensation. It found that claimant is a certified peace officer, with authority to arrest 24 hours a day, seven days a week, and that he is a commissioned reserve deputy with the same authority. It concluded that claimant's injuries arose out of

---

[1] The Board on Police Standards and Training is a state agency charged with establishing minimum standards of physical, emotional, intellectual and moral fitness for police officers, corrections officers and other law enforcement classifications. ORS 181.640(1). Certification is based on the level of training completed and the work assignment. The Board's training manual contains the following definitions:

"(8) 'Corrections Officer' means an officer or member of a law enforcement unit who is employed full-time thereby and is charged with and primarily performs the duty of custody, control, or supervision of individuals convicted of or arrested for a criminal offense and confined in a place of incarceration or detention other than a place used exclusively for incarceration or detention of juveniles * * *.

"* * * * *

"(11) 'Police Officer' means an officer or member of a law enforcement unit who is employed full-time as a peace officer commissioned by a city, port, school district, mass transit district, county, Indian reservation, the Criminal Justice Division of the Department of Justice, the Oregon State Lottery Commission, or the Governor, and who is responsible for enforcing the criminal laws of this state or laws or ordinances relating to airport security * * *."

and in the course of his employment, because his identity as a deputy sheriff, once revealed, was a "significant cause of the subsequent attack which resulted in the injuries claimed."

On reconsideration, the Board relied on the Lane County Sheriff's Office Policy Manual in concluding that, even if claimant is not a peace officer or a certified reserve deputy, he is subject to "those policies and expectations articulated in the manual which are not limited to employees who do have 24 hour arrest authority."

We review the Board's order for errors of law and for whether its findings are supported by substantial evidence. ORS 183.482(8)(a), (c); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 294, 787 P2d 884 (1990); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988).

Employer first argues that, although claimant is a certified corrections officer, he is not a certified peace officer or reserve deputy whose authority spans 24 hours a day, seven days a week. Employer argues that only certified peace officers and reserve deputies have an affirmative duty or obligation to take some type of action if they observe a crime or if they can prevent a crime from occurring. Because claimant is not a certified peace officer or reserve deputy, employer contends that he was not in the course of his employment when he displayed his badge and that his injury, therefore, is not compensable under the "going and coming rule."

■ We begin by examining whether substantial evidence in the record supports the finding that claimant is a certified peace officer or a certified reserve deputy.[2] At the hearing, claimant initially testified that he is a certified police officer. On cross examination, however, he admitted that he is a certified corrections officer, but not a certified police officer. He testified that he completed the Oregon Police Academy corrections course and that there is a separate course for police officers. Claimant also testified that he has been trained to make arrests only at the jail and not in the field. In response to his counsel's question whether he believed that he had the right to arrest the individuals who assaulted him, he testified: "I realize at that particular point that I was on

_____

[2] The terms "peace officer" and "police officer" are used interchangeably.

extremely shaky ground, which is why I did everything in my power to diffuse [sic] that situation."

By claimant's own admission and testimony, he is not a certified police officer. No evidence in the record supports the Board's contrary finding. Neither do we find any evidence in the record to support the Board's finding that claimant is a reserve deputy.

■ Next, we examine employer's claim that the Board erred as a matter of law by concluding that, under the Lane County Sheriff's Office Policy Manual, claimant had a duty or obligation to intervene in the incident that resulted in his injuries and compensation claim. The Board relied on the portion of the manual regarding the actions of its employees while they are off duty. The manual provides:

"Section 5.   Off Duty Conduct of Employee

"E — Status of Employees While 'Off Duty' — Employees may be required to take action *in their official capacity at any time without prior notice*. As defined, 'off duty' means the employee's rest periods when they [sic] are not assigned specific duties and are free to pursue private interests. It is expected that an employee be physically and mentally prepared to react or to respond to a call to duty. In the event that the employee is not physically or mentally prepared to react or respond per this policy, that employee is to remain personally uninvolved except in the capacity of notifying other capable authorized personnel of the incident and reasons associated with their [sic] inability to personally react or respond to the situation.

"*Employees who are certified by the Board on Police Standards and Training as peace officers, and/or commissioned Reserve Deputies who have attained solo status, have police officer authority 24 hours a day, seven days a week*. Any time that a police certified employee of this department and/or a commissioned Reserve Deputy observes a crime being committed that falls within the known jurisdiction of the department, except for traffic offenses, that employee/Reserve Deputy shall be expected to take some initiative to prevent the crime from being committed and/or to assist in the apprehension of the perpetrator with emphasis on the protection of life and property. * * *

"* * * * *

"* * * All employees are expected to provide reasonable aid or assistance to all on-duty law enforcement personnel engaged

in law enforcement activities necessitating aid or assistance and/or when requested. *Non-police certified employees may exercise the rights of any citizen, that would be expected of any person, of the community in like circumstances.*" (Emphasis supplied.)

The manual provides that all off duty employees "may be required to take action *in their official capacity* at any time." (Emphasis supplied.) Claimant's official capacity is that of a corrections officer assigned to the county jail. When questioned about what type of action he might be called on to take while off duty, claimant responded: "If you need other extra staffing or an incident has taken place where they need other extra bodies to come in and assist for whatever type of scenario it might be." The manual is clear, as is claimant's understanding, that the obligation imposed on him by the manual while off duty is limited to being called back to the jail to "take action in [his] official capacity" as a corrections officer.

Section 5 of the manual imposes different responsibilities on off duty employees who are certified peace officers or reserve deputies. They have authority 24 hours per day, seven days per week. Those employees have the additional duty or obligation to act if they observe a crime being committed. As discussed above, claimant is neither a certified peace officer nor a certified reserve deputy. Therefore, the section of the manual addressed to those employees does not apply to him.

Claimant's status at the time he was confronted by his assailants was that of an off duty, non-police certified employee who, according to the manual, was no different than any other citizen. The Board erred in concluding that claimant was acting in the course and scope of his employment when he was injured.

Reversed and remanded.