Argued and submitted September 30, 1998, reversed in part; otherwise affirmed
October 27, 1999

## OREGON OCCUPATIONAL SAFETY
## AND HEALTH DIVISION,
*Respondent,*

*v.*

## JELD-WEN, INC.,
*Petitioner.*

## (SH-95225; CA A99582)

988 P2d 418

Elliott C. Cummins argued the cause for petitioner. With him on the brief was Cummins, Goodman, Fish & Platt, P. C.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Landau, Judge.

DEITS, C. J.

**DEITS, C. J.**

Petitioner Jeld-Wen, Inc. (JWI) seeks review of an order of the Workers' Compensation Board (Board)[1] upholding citations issued by the Oregon Occupational Safety and Health Division (OR-OSHA) for three safety violations. We affirm in part and reverse in part.

Where supported by substantial evidence, we state the facts as they are found in the opinion and final order. Bend Millworks Systems, Inc. (BMSI) is located at 62845 Boyd Acre Road in Bend, Oregon. Before a name change in 1987, BMSI was Bend Millwork Company. Since 1992, BMSI has been a wholly owned subsidiary of Jeld-Wen, Inc. BMSI has registered Bend Millwork and Bend Door as assumed business names. Both Bend Millwork and Bend Door are located at the BMSI address.

On December 8, 1994, Katherine Siefkes, a safety compliance officer with OR-OSHA, conducted a safety inspection in response to a complaint by an employee that alleged a safety violation at Bend Mill Works, located at 62845 Boyd Acre Road in Bend, Oregon. The complaint alleged that an exit door was locked while employees were still working in the building. The complaint named Kelly Guy as the "Management Official." The business card that Guy gave to Siefkes at the time of her inspection stated that his title was "General Manager, Bend Millwork Company, part of the Jeld-Wen family."

As a result of Siefkes's inspection, OR-OSHA issued two citations covering three safety violations and assessing a total penalty of $44,000. The citations were sent to and named Jeld-Wen, Inc., as the responsible employer. Siefkes obtained the name Jeld-Wen, Inc., by searching the Department of Consumer and Business Services database[2] for Bend Millwork Company, the name on Guy's business card. The

---

[1] The final order was issued by an administrative law judge and that order is "deemed to be a final order of the board." ORS 654.290(2)(b). We will refer to the decision maker here as the "Board."

[2] This database was set up by the Department of Consumer and Business Services for use by both OR-OSHA and the Workers' Compensation Board.

search showed an ID number of 5311253 and a cross-reference to Jeld Wen, Inc. The cross reference to Jeld-Wen Inc., showed the same ID number as Bend Millwork Company and a place of business located at the address where the inspection took place. The ID number for Bend Millwork Systems, Inc. is 5230339 and identifies both Bend Millwork and Bend Door as business locations of BMSI.

In response to the citations, Don Baxter, JWI's safety manager, wrote to OR-OSHA on JWI letterhead, stating that JWI, as employer, was exercising its right to appeal and requesting an informal conference and a stay of correction pending the appeal. In his testimony, Baxter explained that as safety manager for JWI, he provided "safety services to all the facilities [owned by JWI] here in Bend." Baxter explained that, as part of the safety services that he provides to those facilities, he has the authority to sign as employer on settlements between the facilities and OR-OSHA.

■ Petitioner makes three assignment of error. Its third assignment of error is that the Board "erred when it failed to articulate specific findings of fact and conclusions of law" as required by ORS 183.470(2).[3] We address this assignment of error first. Petitioner is correct that the Board's final order did not specifically and separately label its findings of facts and conclusions of law as it should have. ORS 183.470(2). An agency's failure to do so makes our review more difficult and, in some cases, impossible. In this case, however, the Board's order includes identifiable findings of fact, conclusions of law and the reasoning that connects them. Because the order here minimally satisfies the requirements of ORS 183.470(2), we will review it.

■ Petitioner's first assignment of error is that the Board erred in concluding that OR-OHSA's citation of JWI in this case was proper. The Board relied on two rationales to support its conclusion that JWI could be held responsible for the violations at issue here. First, it relied on a decision of the

---

[3] ORS 183.470(2) requires that:

"A final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

Occupational Safety and Health Commission, *Secretary of Labor v. Trinity Industries, Inc.*, 9 OSHRC 1517 (1981) (dealing with the burden of persuasion at a hearing) to conclude that JWI had the "burden to come forward and clarify the confusion which it either created or materially contributed to" and to prove that it was not a properly named employer. With respect to the Board's reliance on *Trinity*, respondent agrees, as do we, that the Board misinterpreted that case and that that decision has no applicability here.

The Board's second rationale for its decision was that, under the circumstances of this case, it was appropriate to hold petitioner responsible because JWI contributed to the confusion regarding who was the employer for purposes of OR-OSHA and because the evidence of JWI's practices and policies demonstrated that there was not a meaningful distinction between JWI and BMSI. Petitioner argues that that holding was both legally flawed and not supported by the evidence.

The Board made the following findings relating to this issue:

"At times relevant to this case, at BMSI and at JWI, persons in authority did not make it a point to distinguish between Jeld-Wen and BMSI or its assumed business name companies in OR-OSHA matters. It was not thought important for management or persons dealing with OR-OSHA on the corporations' behalf, to understand the corporate structures, to make the above distinctions or correct mistakes that others, including OR-OSHA, may have made in those regards. Jeld-Wen, Inc. offered no evidence in rebuttal.

"Evidence in the record for attitudes and events after 1992 establishes that between BMSI and JWI, such distinctions were not always made and that it was a matter of low priority for Jeld-Wen, Inc. and BMSI. It was standard operating procedure to 'mix and match' the names of the various dba's and corporations. (Testimony of Jeld-Wen, Inc.'s Risk Manager Don Baxter.) The evidence of how Jeld-Wen, Inc. and BMSI dealt with OR-OSHA and OR-OSHA matters after 1992 demonstrates that persons who should have cared about, clarified and insisted upon distinctions between these corporate entities did not necessarily do so; there is no evidence (or argument) that any person in

higher authority than those individuals were concerned. Jeld-Wen, Inc. offered no evidence of any efforts to prevent or correct erroneous assumptions, and even allowed other OSHA litigation to proceed without objection when it was named as employer in a 1993 citation against Bend Mill-works [*sic*]. (ex. 55-11.)

"The testimony and actions of three senior management employees-Bend Millwork General Manager Kelly Guy, Jeld-Wen, Inc. Safety Manager Don Baxter and Jeld-Wen, Inc. Risk Manager Charles Taylor-exemplifies JWI's disregard of distinctions between JWI and BMSI in OR-OSHA matters. They are key to this issue because they are the face of Jeld-Wen, Inc.'s own viewing of the corporate distinctions between it and BMSI."

The Board then explained its rationale for concluding that, based on these facts, JWI should be held responsible for the safety violations:

"Jeld-Wen, Inc. has demonstrated by its practices and policies that it does not consider there to be, at least for OR-OSHA purposes, a meaningful distinction between Jeld-Wen, Inc. and BMSI. There is a substantial identity of interests and management in the two corporations. For this forum to enforce a distinction under the facts and circumstances and on the record of this case, when Jeld-Wen, Inc., itself does not do so, would frustrate the express purposes of the Act.

"It is the purpose of the Oregon Safe Employment Act to protect the health and safety of workers in this state. Failure to hold Jeld-Wen, Inc. accountable for its own policies and the policies it promotes or tolerates in the companies it owns, controls, manages or otherwise holds out as its 'family' would do a grave injustice to the workers of this state. For all these reasons, I consider it appropriate to hold Jeld-Wen, Inc. directly responsible as a correctly cited employer for any violations herein established on the merits. * * *" (Footnotes omitted.)

"Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). This court may not "substitute its judgment for that of the agency as to any issue of fact or agency discretion." ORS 183.482(7). After reviewing the whole record, which includes

an extensive transcript and exhibits from the hearing, we conclude that there is substantial evidence in this record to support the Board's findings.

■ Petitioner identifies evidence in the record that is contrary to the Board's findings. Specifically, petitioner points to evidence that the alleged error in identifying the correct employer was due to mistakes by Siefkes. Petitioner also emphasizes that the Board found that Siefkes' credibility was "diminished." Clearly, there is evidence in the record that is contrary to the Board's findings. Nonetheless, the question on review is not whether substantial evidence supports petitioner's version of the facts but whether, after considering the whole record, substantial evidence supports the Board's findings. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 296, 787 P2d 884 (1990).

As discussed above, respondent presented evidence that JWI controlled BMSI, Bend Millwork, and Bend Door and did not maintain those divisions as separate entities for purposes of OR-OSHA investigations, citations and rulings. For example, as noted above, Don Baxter, as safety manager for JWI, provided safety services to BMSI, Bend Millwork, and Bend Door. Further, in his correspondence with OR-OSHA regarding this and similar matters, Baxter regularly, including in his request for an informal conference in this case, failed to identify or misidentified which entity he was representing at that particular time. Also, Charles Taylor, JWI's risk manager, testified that the mixing and matching of the names of the various Jeld-Wen family entities did not surprise him because it was "[s]tandard operating procedure." He also stated that "try[ing] to police other agencies or other businesses in what our proper name is or the proper corporate structure has never been a priority." As the Board recognized, there was evidence that Siefkes may have erred in her initial identification of the employer. Further, the Board did not accept all of Siefkes' testimony. Nonetheless, considering this evidence, as well as the contrary evidence that petitioner identifies, a reasonable person could conclude, as did the Board, that there was not a meaningful distinction between JWI and BMSI for OR-OSHA purposes. We conclude that the Board's findings were supported by substantial evidence.

Finally, under this assignment of error, petitioner argues that the Board "effectively chose to pierce the corporate veil of BMSI * * *." The Board rejected this argument, explaining that

> "this is a non-issue because there is no judgment or decision against subsidiary BMSI, or against any other entity, for which the state seeks to hold Jeld-Wen, Inc. responsible. Rather, the state seeks to hold Jeld-Wen Inc. *directly responsible* for its own acts or omissions." (Emphasis added.)

We agree with the Board.

Petitioner's second assignment of error is that the Board erred in upholding the citation for a violation of the provisions of 29 CFR section 1910.38(a)(5). That regulation requires certain employers to train or review an emergency action plan with all employees when such a plan is required by a particular OSHA standard. Respondent concedes that there is no administrative rule requiring an action plan for the worksite involved here and consequently, the Board erred in concluding that petitioner violated that regulation. We agree that the portion of the penalty imposed for this violation must be reversed.

Penalty for emergency action plan reversed; otherwise affirmed.