Argued and submitted May 5, reversed and remanded for reconsideration
July 6, 2005

## Cynthia GONZALES,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
and Express Personnel Services,
*Respondents.*

04-AB-0347; A124227

115 P3d 976

Sandra A. Hansberger argued the cause for petitioner. With her on the briefs was Lewis and Clark Legal Clinic.

Denise G. Fjordbeck, Assistant Attorney General, Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, waived appearance and filed the brief *amicus curiae* for respondent Employment Department.

No appearance for respondent Express Personnel Services.

Before Schuman, Presiding Judge, and Wollheim and Edmonds,* Judges.

WOLLHEIM, J.

---

* Edmonds, J., *vice* Ceniceros, S. J.

## WOLLHEIM, J.

Claimant seeks review of an order of the Employment Appeals Board (EAB) that denied claimant unemployment benefits. We review EAB's order to determine whether there is substantial evidence to support its findings. ORS 183.482(8)(c). At issue is whether EAB correctly determined that claimant voluntarily quit work without good cause. Because EAB's determination is not supported by substantial evidence, we reverse.

The following facts are taken from EAB's decision and are supported by substantial evidence in the record. Claimant is a pharmacy technician. In 2002, she sought work with Evergreen Pharmaceutical (Evergreen) and was referred to Express Personnel Services (Express), a temporary staffing agency. At Express, claimant completed a job application and was hired. Express placed claimant with Evergreen. For the next 14 months claimant worked as a pharmacy technician at Evergreen. In October 2003, she was terminated by Evergreen "due to performance issues." Claimant contacted Express and was told that if she desired work she needed to make an appointment with an Express staffing consultant. Claimant made that appointment. Express had no pharmacy work available for claimant because Evergreen was the only pharmaceutical company that used Express employees. Claimant expressed interest in office work but did not have the necessary computer skills for any positions that Express had available. Express may have had production and light industrial positions available because almost 80 percent of its placements were in those areas. However, claimant had no experience in either production or light industrial work. Claimant and Express ended the meeting with different understandings. Express understood that it had no work that claimant was both qualified to do and interested in doing. Claimant understood that Express had no work that she was qualified to do.

Claimant then applied for and was granted unemployment benefits. Express requested a hearing. Claimant testified that when she met with Express's agent she was desperate for work and, in addition, Express did not have

work that claimant could perform. In response to a question by the administrative law judge (ALJ), Express's agent testified that claimant would have been qualified for an entry-level light industrial position but then further testified that she did not know if claimant could perform such work because "I never got the chance to find out * * *." Express's agent also testified that claimant never said that she did not want to do light industrial work. After the hearing, the ALJ determined that claimant voluntarily left work without good cause.

Claimant sought review. On review, EAB found, in part:

> "(18) Claimant did not mention that she had work experience related to production work. (19) The employer had production work. (20) [Express's agent] concluded that claimant was not interested in performing the work the employer had available."

EAB then concluded that claimant quit work without good cause because claimant declined production work that Express had available for claimant and that the work was not unsuitable for claimant. EAB was "persuaded that, had the employer known claimant was interested in production work and that she had experience related to that field, the employer would have had continuing work for claimant."

■ ■ On review, claimant raises seven assignments of error. Because it is dispositive, we need address only claimant's argument that EAB's findings of fact are not supported by substantial evidence. In *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990), the court explained the nature of substantial evidence:

> "[S]ubstantial evidence supports a finding when the record viewed as a whole, permits a reasonable person to make the finding. A court must evaluate the substantiality of supporting evidence by considering all the evidence in the record. That is, the court must evaluate evidence against the finding as well as evidence supporting it to determine whether substantial evidence exists to support that finding. If a finding is reasonable in light of countervailing as well as supporting evidence, the finding is supported by substantial evidence."

(Citations and internal quotation marks omitted.) We review the record as a whole to determine whether EAB's findings are supported by substantial evidence.

There is substantial evidence that claimant did not mention to Express that she had work experience related to production work. The evidence related to her work experience came to light during the hearing before the ALJ. While attempting to show that she was willing to accept any employment, claimant testified that she was pursuing an entry-level job doing production work for LSI Logic. Claimant made the following references to her "experience related to production work":

> "You know, I never asked—they never mentioned anything about going to a semi-conductor company or something like that, because you know, that I—you know, I came from California, so there's a lot of semi-conductor companies there had I had used to work before.

> "I used to work in one company before, Microfab (phonetic), and I had worked in that place, but they never mentioned that, so I never - it never came in my mind to tell them do you get jobs for this kind of places, so I never asked that."

On direct examination, she elaborated:

> "My experience in California is not in the production line. This is the production line. My experience in California is a different—more like paperwork kind of job—it's not inside the clean room itself. This job in LSI is a clean room environment, and I have never worked in that environment."

And on re-examination by the ALJ, she continued:

> "that experience that I mentioned, in the semiconductor, was only a three-month experience.

> "So it - and it was way back, like 15 years ago."

EAB found that claimant had work experience related to production work. The record as a whole does not contain substantial evidence to support that finding. All the record shows is that claimant had three months of experience, 15 years before the hearing, doing paperwork in an office for a semi-conductor company. There is no evidence that Express ever asked claimant if she could perform either

production or light industrial work. Because Express did not make that inquiry, it did not identify any available work that claimant could perform. Therefore, substantial evidence does not support EAB's determination that "had the employer known claimant was interested in production work and that she had experience related to that field, the employer would have had continuing work for" her.

Reversed and remanded for reconsideration.