211 P.3d 321 (2009)
229 Or. App. 419
JIM BERNARD FOR CLACKAMAS COUNTY COMMISSIONER, Petitioner,
v.
ELECTIONS DIVISION OF the OFFICE OF the SECRETARY OF STATE, Respondent.
NT8643; NT8644; NT8645; NT8646; NT8647; NT8648; A133666.
Court of Appeals of Oregon.
Argued and submitted July 3, 2008.
Decided July 1, 2009.
*322 Marc D. Blackman, Portland, argued the cause for appellant. With him on the opening brief were Kendra M. Matthews and Ransom Blackman LLP. With him on the reply brief was Ransom Blackman LLP.
Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.
Before EDMONDS, Presiding Judge, and WOLLHEIM, Judge, and SERCOMBE, Judge.
SERCOMBE, J.
Petitioner is the campaign committee that managed Jim Bernard's bid for election as Clackamas County Commissioner in 2004. It seeks review of an order of the Secretary of State assessing a civil penalty of $11,550 for petitioner's failure to report the value of the use of a large sign structure as a political contribution on its pre-election and post-election contribution and expenditure (C & E) reports for the 2004 primary and general elections. We review the Secretary of State's order for substantial evidence and errors of law, ORS 183.482(8)(a), (c), and affirm.
We state the undisputed facts. Howard Dietrich owns land and a business on S.E. McLoughlin Boulevard in Portland. The property has two large double-sided sign structures on it. Both sign structures are maintained by a sign company. The parties refer to the signs as "billboards," although they are smaller in size than many billboards. Dietrich uses one of the billboards for his own business and personal purposes. Before and after the election, Dietrich displayed an American flag on one side of the sign and driving directions to his business on the other side. Dietrich supported Bernard's bid for election. He offered to post a "Jim Bernard for County Commissioner" display on the American flag side of his personal use billboard. Petitioner welcomed the offer. Dietrich had a poster made, donated it to the campaign, and displayed it on the billboard during the primary and general election campaign seasons.
Just before the due date for the first pre-election C & E report, petitioner's treasurer spoke with an Elections Division employee about how to report the committee's use of the billboard sign structure as a campaign contribution on the C & E report. Based on that conversation, petitioner determined that it should report the value of the services to compose the poster or sign copy, but that it did not need to report the value of the use of the sign structure itself on the C & E report. Petitioner reported as a contribution the $125 value of the artwork displayed on the billboard, but did not disclose any expenditure or in-kind contribution for the use of the billboard structure.
In response to a formal complaint, the Elections Division investigated petitioner's C & E reports for the 2004 primary and general elections and determined that petitioner's failure to report an in-kind contribution for the fair market value of the use of the billboard structure was a violation of the reporting requirements. The Elections Division notified petitioner that it should file an amended C & E report reflecting the fair market value of the use of the billboard structure. Petitioner refused, explaining that the use of the billboard structure had no fair market value because Dietrich did not use it for commercial purposes and that, in any event, petitioner had followed the advice of an Elections Division employee in making its C & E reports. The Elections Division *323 issued a notice of a proposed civil penalty. After a contested case hearing, the Secretary of State determined that the donated use of the billboard structure was an in-kind contribution that had a fair market value that petitioner should have reported on its C & E reports as a contribution and an expenditure. The Secretary of State's final order assessed a civil penalty of $11,550.
Petitioner seeks judicial review of that order and advances six assignments of error. Before addressing those claims, a review of the legal context of the dispute is in order. We recently examined the campaign contribution reporting requirements in State v. Moyer, 225 Or.App. 81, 200 P.3d 619, rev. allowed, 346 Or. 157, 206 P.3d 191 (2009), and noted:
"ORS 260.055(1) provides that all political candidates and treasurers for political committees must `keep detailed accounts' of contributions received and expenditures made by or on behalf of the candidate or the political committee. At various points during an election cycle, the candidates and political committees are required to file statements of such contributions and expenditures with the appropriate `filing officer.' E.g., ORS 260.058 (statements of candidates and principal campaign committees for elections other than general elections); ORS 260.063 (statements of political committees other than principal campaign committees for elections other than general elections); ORS 260.068 (statements of candidates and principal campaign committees for general elections); ORS 260.073 (statements of political committees other than principal campaign committees for general elections); ORS 260.076 (statements of legislative officials or candidates for legislative office).
"Any contribution from a person or campaign committee `that contributed an aggregate amount of more than $50' must be listed in the statement individually, along with the contributor's name, address, and occupation. ORS 260.083(1)(a). `The statement may list as a single item the total amount of other contributions, but shall specify how those contributions were obtained.' Id.

"The filing officer is required to review the statements of contributions and expenditures and notify candidates or committees who have failed to file statements as required or who have failed to file statements that comply with all statutory requirements. ORS 260.205; ORS 260.215. Failure to file a proper statement of contributions and expenditures can lead to a court order compelling such a proper filing, ORS 260.225(1); imposition of civil penalties, ORS 260.232; and removal of the candidate or measure from the ballot, ORS 260.241(2)."
225 Or.App. at 86, 200 P.3d 619.[1]
In its first, second, and fifth assignments of error, petitioner asserts that several of the Secretary of State's findings in the order under review are not supported by substantial evidence. ORS 183.482(8)(c) requires that we set aside an agency order in a contested case if we determine "that the order is not supported by substantial evidence. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(7) cautions that a reviewing court "shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion."
Petitioner challenges a finding that it contends incorrectly implies that Dietrich did not have full ownership and control of the billboard. Although the finding itself is ambiguous in part, there is no dispute that Dietrich had full control of the billboard copy and use of the billboard structure. The Secretary of State's finding that Dietrich's relationship with the sign company "allows Mr. Dietrich to put whatever he wishes on the billboard" is the dispositive finding for purposes of this dispute. Petitioner also challenges the Secretary of State's findings that the billboard is similar in size to billboards in the area that are commercially leased for advertising and that the fair rental value of *324 the billboard is $1,500 per month, when it is in fact smaller. Based on a review of the entire record, in light of countervailing as well as supporting evidence, we conclude that the disputed findings are supported by substantial evidence in the whole record. See Garcia v. Boise Cascade Corp., 309 Or. 292, 295, 787 P.2d 884 (1990).
In its third assignment of error, petitioner contends that the Secretary of State erred in treating Dietrich's use of his own billboard structure in support of Bernard's campaign as an in-kind contribution. Petitioner argues the use of the sign structure is not a "thing of value" under the relevant definition of "contribution," because the sign structure is not otherwise put to commercial use.
For purposes of the election campaign finance statutes, ORS 260.005(3)(a)(A) defines a "contribution" as "[t]he payment, loan, gift, forgiving of indebtedness, or furnishing without equivalent compensation or consideration, of money, services other than personal services for which no compensation is asked or given, supplies, equipment or any other thing of value." At the relevant time, the Secretary of State's 2004 Campaign Finance Manual set forth the procedures and guidelines for compliance with the campaign finance laws. OAR XXX-XXX-XXXX. The manual requires the reporting of "in-kind" contributions, and defines those contributions as
"[a] good or service, other than money, having monetary value. The value of this contribution is based on the fair market value of the good or service[.]"
There is no dispute that, if the use of the billboard is properly treated as a campaign contribution, it is subject to reporting as an "in-kind" contribution. The question is whether, when Dietrich posted a display on his billboard in support of Bernard's candidacy, he made a contribution to the campaign by "furnishing" a "thing of value" within the meaning of the statute and the manual.
We reject petitioner's suggestion that, because Dietrich chose not to lease out his billboard structure, it had no fair market value. Fair market value is an objective concept, representing the price that a hypothetical willing buyer would pay a hypothetical willing seller. See PGF Care Center, Inc. v. Wolfe, 208 Or.App. 145, 153, 144 P.3d 983 (2006); Tofte and Tofte, 134 Or.App. 449, 457, 895 P.2d 1387 (1995). Dietrich's personal decision not to lease the billboard is not relevant. In order to establish a fair market value of the use of the billboard space, the Elections Division needed only to establish that there was a market for billboard space and that there was a price in that market that a hypothetical willing buyer would pay a hypothetical willing seller. As previously held, substantial evidence supports the Secretary of State's findings as to both of those facts.
The remaining question is whether, in applying the campaign message to the billboard, Dietrich "furnished" a thing of value to the campaign. We agree with the secretary's conclusion that he did. The statute does not define the term "furnishing." To "furnish" means "to make a gift of (something needed or desirable): CONTRIBUTE[.]" Webster's Third New Int'l Dictionary 923 (unabridged ed. 2002). It is undisputed that Dietrich commissioned the sign copy. He donated that artwork to the campaign. Petitioner reported the value of the poster on its C & E reports as an in-kind contribution. Dietrich then displayed the poster on his own billboard. In light of the facts that the poster itself had been donated to petitioner, and in light of our conclusion that substantial evidence supports the secretary's finding that the billboard space has a fair market value, we conclude that Dietrich "furnished" to the campaign the use of the billboard on which to display the poster. Thus, he made an in-kind contribution to the campaign that should have been reported on the C & E reports. We conclude that substantial evidence supports the Secretary of State's finding that the use of the billboard structure had monetary value, and we conclude therefore that it was a "thing of value," as provided in the ORS 260.005(3)(a)(A) definition of "contribution."
In its fourth assignment of error, petitioner contends that Dietrich's use of his *325 own billboard for political expression is protected speech and that the free speech protections of the state and federal constitutions therefore require that any rules governing the reporting of campaign contributions be strictly and narrowly construed so as not to place an unnecessary burden on the exercise of speech. When so construed, petitioner contends, the statutes and rules governing campaign contributions must not recognize as an in-kind campaign contribution a citizen's display of a political statement on his or her own property.
We reject petitioner's contention that our construction of the meaning of "contribution" under ORS 260.005(3)(a)(A) places an unnecessary burden on Dietrich's speech. The requirement that the campaign report Dietrich's contribution does not burden his speech at all. After all, it is not the value of Dietrich's support for Bernard that is required to be reported, but the value of the donated medium of communicationthe rental value of the sign structure. In Moyer, we distinguished between regulations of campaign contributions themselves and regulations "such as disclosure requirements" that are "distinct from contribution or expenditure limitations" and that do not offend constitutional speech protections "unless they are overbroad." 225 Or.App. at 90, 200 P.3d 619 (quoting Vannatta v. Keisling, 324 Or. 514, 523, 931 P.2d 770 (1997)). Petitioner makes no claim of overbreadth. We also reject without discussion petitioner's equal privileges and immunities and equal protection arguments.
Affirmed.
NOTES
[1] Unless noted otherwise, all references to ORS chapter 260 in this opinion are to the 2003 version of the chapter, which is the version that applies in this case. The campaign finance reporting statutes were rewritten in 2005. Or. Laws 2005, ch. 809.