Argued and submitted February 4, affirmed October 13, 1999, petition for review denied February 8, 2000 (329 Or 650)

## CANVASSER SERVICES, INC.,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent.*

(97-TAX-00099; CA A100171)

987 P2d 562

Kevin L. Mannix argued the cause for petitioner. With him on the brief was Kevin L. Mannix, P.C.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

In this unemployment taxation case, petitioner Canvasser Services, Inc. (Canvasser) seeks review of an order of an administrative law judge (ALJ) affirming a determination that Canvasser was an employer subject to Oregon's unemployment compensation law, ORS chapter 657. On review for substantial evidence and errors of law, we affirm. ORS 183.482(8).

The material facts are undisputed. Canvasser is a not-for-profit corporation that coordinates the gathering of signatures for initiative petitions. In conducting its business, Canvasser contracted with various initiative campaigns to coordinate the gathering of signatures for petitions on different ballot measures and hired persons to collect such signatures. It is the status of those persons that is the subject of this case.

Canvasser attracted the signature gatherers (circulators) by placing advertisements in local newspapers. Canvasser provided the circulators with an orientation video, or a brochure, both of which explained how the signature forms needed to be filled out and included descriptions from the various campaigns about the specific initiatives. Canvasser required that each circulator sign a contract entitled "Independent Contractor Agreement" that explained the circulator's working relationship with Canvasser. Essentially, the contract provided that the circulators were hired as independent contractors. Principal among its specific conditions were the requirements that the circulators be registered voters[1] and agree to observe all applicable laws in obtaining signatures, to use the petition forms provided by Canvasser, to indemnify Canvasser for any liability arising from the circulators' work, and to pay their own income taxes. The contract also specified that the circulators were able to conduct their

---

[1] ORS 260.560 requires that only registered voters may collect signatures for petitions:

"A person who is not an elector shall not attempt to obtain signatures on an initiative, referendum or recall petition."

*But see Buckley v. American Const. Law Foundation*, 525 US 182, 119 S Ct 936, 142 L Ed 2d 599 (1999) (law requiring signature gatherers to be registered voters violates First Amendment).

signature gathering efforts in any manner they desired and would be paid a predetermined amount for each valid signature returned. Other than those basic conditions, the circulators' efforts were not restricted in any manner.

In performing their work, the circulators furnished their own equipment, such as clipboards, pens, tables and chairs. Canvasser furnished some posters that were usually provided by the various campaigns and that described the initiatives, but the circulators were not required to use them. The only necessary item provided by Canvasser was the petition signature form. By law, such forms must conform to certain weight, color, size and content requirements and cannot be changed without approval from the Secretary of State. *See* ORS 250.045; *1996 State Initiative and Referendum Manual,* 23-24 (listing requirements).

This appeal is the result of an audit performed by the Employment Department (Department) that occurred after a circulator filed for unemployment compensation benefits and listed Canvasser as her last employer. The Department determined that the individual was an employee of Canvasser rather than an independent contractor. That finding generated a further inquiry by the Department that resulted in a similar finding with respect to all of the circulators hired by Canvasser. The Department then notified Canvasser of its determination and assessed taxes for 1995 and for the first, second and third quarters of 1996. Canvasser requested a hearing, asserting that the circulators were either independent contractors or independently established businesses and, thus, excluded from taxable employment under ORS 657.040(1). Under ORS 657.683(4), the employer has the burden of proving that the Department's assessment is incorrect. The ALJ concluded that the circulators were not independent contractors or independently established businesses, and Canvasser petitioned this court for judicial review.

In Canvasser's first assignment of error, it argues that the Department and the ALJ erred in concluding that the circulators were employees rather than independent contractors under ORS 670.600. In analyzing that question, we review the Department's findings for substantial evidence.

ORS 183.482(8)(c). Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make that finding. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988). A finding lacks substantial evidence when the record contains credible evidence weighing overwhelmingly in favor of one finding and the agency finds another without giving a persuasive explanation. *Armstrong*, 90 Or App at 206. As to the Department's legal conclusions, our review is for errors of law. ORS 183.482(8)(a).

ORS 657.040(1)(a)[2] excludes from taxable employment services performed by an independent contractor, as that term is defined in ORS 670.600. ORS 670.600 sets forth eight factors that determine whether an individual or business entity is an independent contractor. Specifically, ORS 670.600 provides:

"[A]n individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of this section are met:

"(1)  The individual or business entity providing labor or services is free from direction and control over the means and manner of providing the labor or services, subject only to the right of the person for whom the labor or service are provided to specify the desired results;

"(2)  The individual or business entity providing labor or services is responsible for obtaining all assumed business registrations or professional occupation licenses required by state law or local government ordinances for the individual or business entity to conduct business;

"(3)  The individual or business entity providing labor or services furnishes the tools or equipment necessary for performance of the contracted labor or services;

---

[2] ORS 657.040(1)(a) provides:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the Director of the Employment Department that:

"(a)  Such individual is an independent contractor, as that term is defined in ORS 670.600[.]"

"(4)   The individual or business entity providing labor or services has the authority to hire and fire employees to perform the labor or services;

"(5)   Payment for the labor or services is made upon completion of the performance of specific portions of the project or is made on the basis of an annual or periodic retainer;

"(6)   The individual or business entity providing labor or services is registered under ORS chapter 701, if the individual or business entity provides labor or services for which such registration is required;

"(7)   Federal and state income tax returns in the name of the business or a business Schedule C or farm Schedule F as part of the personal income tax returns were filed for the previous year if the individual or business entity performed labor or services as an independent contractor in the previous year; and

"(8)   The individual or business entity represents to the public that the labor or service are to be provided by an independently established business. Except when an individual or business entity files a Schedule F as part of the personal income tax returns and the individual or business entity performs farm labor or services that are reported on Schedule C, an individual or business is considered to be engaged in an independently established business when four or more of the following circumstances exist:

"(a)   The labor or services are primarily carried out at a location that is separate from the residence of an individual who performs the labor or services, or are primarily carried out in a specific portion of the residence, which portion is set aside as the location of the business;

"(b)   Commercial advertising or business cards as is customary in operating similar businesses are purchased for the business, or the individual or business entity has a trade association membership;

"(c)   Telephone listing and service are used for the business that is separate from the personal residence listing and service used by an individual who performs the labor or services;

"(d)   Labor or services are performed only pursuant to written contracts;

"(e)   Labor or services are performed for two or more different persons within a period of one year; or

"(f)   The individual or business entity assumes financial responsibility for defective workmanship or for service not provided as evidenced by the ownership of performance bonds, warranties, errors and omission insurance or liability insurance relating to the labor or services provided."

Of these eight factors, the ALJ determined that the circulators satisfied only the fifth element. Thus, the question here concerns the ALJ's determination that the other elements were not met.

On appeal, Canvasser makes arguments pertaining to all seven of the subsections of ORS 670.600 that the ALJ determined had not been satisfied. As noted, an employer has the burden of establishing that all eight of the elements listed in that statute have been satisfied. We do not address Canvasser's arguments pertaining to all of the subsections, because we conclude, for the reasons stated below, that Canvasser failed to satisfy the elements of either subsection (7), pertaining to income tax filings, or subsection (8), pertaining to independently established businesses. We address these two factors together because they are somewhat interrelated.

■    ORS 670.600(7) provides that one of the criteria that must be met for an individual or business entity to qualify as an "independent contractor" is:

"Federal and state income tax returns in the name of the business or a business Schedule C or farm Schedule F as part of the personal income tax returns were filed for the previous year if the individual or business entity performed labor or services as an independent contractor in the previous year[.]"

The ALJ determined that "Canvasser [failed to show] that any individual filed a Schedule C [tax return] for the prior tax year." Canvasser disputes the ALJ's determination but does not directly challenge its finding; rather, Canvasser asserts that the "seventh element is a nullity and should be exempt from the analysis" because the ALJ failed to determine the circulators' work status in the previous year.

We agree with Canvasser that, when read in the context of section (8) of ORS 670.600, the inquiry in regard to section (7) cannot be answered simply by concluding that no tax returns were filed in the prior year. Section (7) itself indicates that it applies only "*if* the individual or business entity performed labor or services as an independent contractor in the previous year[.]" The second part of section (8), including the criteria listed in (a) through (f), are to be used only if the individual or business entity in question *did not* file the tax schedules set forth in section (7). There is only one possible way to read subsections (7) and (8) together and give meaning to all parts of each. For application of section (7), an employer must demonstrate either that the individual or business entity filed the relevant tax returns in the previous year or that the individual or business entity did not perform labor or services as an independent contractor in the previous year. For application of section (8), the employer must always establish that the "individual or business entity represents to the public that the labor or services are to be provided by an independently established business." ORS 670.600(8). However, under this section, an employer who has satisfied section (7) by establishing that the individual or business entity did not perform labor or services as an independent contractor in the previous year must *also* establish that the "individual or business entity is considered to be engaged in an independently established business" by showing that four of the six factors listed in subsections (8) (a) through (f) have been satisfied.

■    We do not agree with Canvasser, however, that the ALJ's statement that Canvasser had not shown that any individual circulator filed the tax returns listed in section (7) means that the ALJ erred. The ALJ went on to make appropriate findings pertaining to ORS 670.600(8)(a) through (f):

> "The applicant did establish that the services were carried out at a location separate from their residence. The applicant did establish that services, at least for applicant, were performed pursuant to a written 'independent contractor' agreement. Arguably, as the applicant argues based on [a list of circulators, many of whom worked for more than one organization, the applicant established] that services for some individuals were performed for two or

more different persons within a year. But, the applicant did not establish that any individual engaged in commercial advertising or ha[d] business cards indicating they were in business as signature gatherers. Further, the applicant did not establish that any individual had a separate telephone listing or service for their work as a signature gatherer. And, the applicant has not established that any individual performing services assumed financial responsibility for defective workmanship or services not performed through the means identified in (f). In fact, the individuals would not have to repay amounts previously paid to them if a second signature check established any signature to be invalid. None were shown to have liability insurance or similar insurance coverage if someone was injured at the place signature gathering was taking place."

As to Canvasser's argument that section (7) is inapplicable because "the Employment Department did not establish that any of these petition circulators performed these services" in the previous year, we first note that it was Canvasser's burden to establish that the section *did* apply; it was not the Employment Department's burden to establish that it *did not* apply. *See generally* ORS 657.683(4) (establishing burden of proof). However, assuming for the sake of argument that Canvasser did establish that these petition circulators had not performed services in the previous year, it was then required to establish that at least four of the six criteria listed in section (8) had been met in order to qualify the circulators as independent contractors. For the following reasons, we conclude that Canvasser has not done so.

The ALJ concluded that two of the six criteria in section (8) had been met, that three criteria listed in section (8) had not been met, and expressed no opinion about the sixth criterion. Canvasser acknowledges that it did not satisfy subsection (c), pertaining to telephone listings, but argues that subsections (b), (e) and (f) have been satisfied, as well as subsections (a) and (d), which the ALJ concluded had been satisfied.

ORS 670.600(8)(b) includes "[c]ommercial advertising or business cards as is customary in operating similar businesses are purchased for the business, or the individual ʕ⁻ business entity has a trade association membership." The

only evidence in the record regarding this factor is evidence that the circulators did not have business cards. No evidence was presented concerning advertising or trade association membership. Canvasser contends that absence of proof that its circulators had business cards establishes that it is not "customary" for circulators to have business cards and that it therefore has satisfied ORS 670.600(8)(b). We disagree. Canvasser cannot use the total absence of any proof that it has satisfied any of the criteria in subsection (b) as evidence that it *has* satisfied subsection (b). We reject Canvasser's argument without further discussion.

■ ORS 670.600(8)(f) includes "the individual or business entity assumes financial responsibility for defective workmanship or for service not provided as evidenced by the ownership of performance bonds, warranties, errors and omission insurance or liability insurance relating to the labor or services provided." Canvasser argues that its evidence that petitioners usually were paid only for signatures that were valid demonstrates that the circulators had "financial responsibility for defective workmanship or for service not provided."[3] We do not agree that the fact that remuneration was dependent on satisfactory completion of the work is the type of "financial responsibility" that the legislature had in mind when it enacted this provision. The statute speaks of financial responsibility "*as evidenced by* the ownership of performance bonds, warranties, errors and omissions insurance or liability insurance relating to the labor or services provided." Canvasser makes no argument that the circulators had performance bonds, warranties, errors and omissions insurance or liability insurance.

■ Under the principle of *ejusdem generis*, "when the legislature chooses to state both a general standard and a list of specifics, the specifics do more than place their particular subjects beyond the dispute; they also refer the scope of the general standard to matters of the same kind[.]" *Bellikka v. Green*, 306 Or 630, 636, 762 P2d 997 (1988). Applying that

---

[3] Actually, it appears that the circulators were paid for all signatures that appeared to be valid, based on random spot checks. Their earnings were not reduced if signatures were later determined by the Secretary of State's office to be invalid.

principle, we conclude that it might be possible to satisfy this criterion by demonstrating financial responsibility "of the same kind" as that demonstrated by performance bonds, warranties, errors and omissions insurance, or liability insurance. However, payment by piecework does not demonstrate financial responsibility "of the same kind," or to the same degree, as bonds, warranties, and insurance.

As noted above, Canvasser had the burden of establishing that its circulators met all of the criteria of ORS 670.600, including, under the circumstances presented here, at least four of the six factors listed in ORS 670.600(8). Because Canvasser has failed to establish that it satisfied ORS 670.600(8)(b), (c), and (f), it did not establish that its circulators were independent contractors under that statute.

■■ In its second assignment of error, Canvasser argues that its circulators were "independently established businesses" and therefore are excluded from unemployment insurance requirements. ORS 657.040(1) provides:

> "Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the Director of the Employment Department that:
>
> "(a) Such individual is an independent contractor, as that term is defined in ORS 670.600; *or*
>
> "(b) Such individual has been and will continue to be free from control or direction over the performance of such services, both under a contract of service and in fact; *and*
>
> "(c) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service." (Emphasis added.)

As discussed above, Canvasser has not satisfied section (a) of this statute because it did not establish that the circulators are "independent contractors, as that term is defined in ORS 670.600." It argues that it nonetheless satisfied subsections (b) and (c). The ALJ concluded that Canvasser had "not established that any individual had an independently established business of the same nature." We agree. The circulators who testified at the hearing clearly did not have independently established businesses of the same nature as

signature gathering; one was a child-care provider, and the other did advertising work. Neither worked for or with any signature gathering company other than Canvasser. Canvasser argues that an exhibit that it introduced into evidence shows that some of its circulators had gathered signatures for other companies that provided services similar to those provided by Canvasser. Canvasser contends that this document establishes that all of its circulators had "independently established businesses." That document does suggest that some, but not all, circulators worked for or with other signature gathering companies for unknown periods of time during the 1995-96 petitioning season. It does not reveal whether they did so as employees or independent contractors and does not suggest in any way that any of them had "independently established businesses." We conclude that the document in question does nothing to establish that the circulators "customarily" had "independently established businesses" of signature gathering. Canvasser has not demonstrated that it falls within the exemption established by ORS 657.040(1)(b) and (c).

Affirmed.