Argued and submitted December 15, 2000, affirmed August 1, 2001

## TRAVEL NETWORKERS, LLC,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent.*

## 99TAX00069; A108598

30 P3d 416

Frank H. Hilton, Jr., argued the cause for petitioner. With him on the brief were G. Kenneth Shiroishi and Dunn Carney Allen Higgins & Tongue LLP.

Denise Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

The Employment Department determined that petitioner Travel Networkers' agents were employees rather than independent contractors. It assessed unemployment taxes against the company for 1995, 1996, and 1997. Travel Networkers seeks review of the Department's decision. We affirm.

Travel Networkers does business as All Star Travel and, as its name implies, is a travel agency. It conducts its business by hiring salaried employees and also by using agents, who sell tickets and other travel arrangements under All Star Travel's name. Travel Networkers considers its agents independent contractors, and each of its agents has signed an independent contractor agreement. Many of the agents brought their own clients with them when they began working for Travel Networkers. Travel Networkers provides its agents furnished office space, computers, phones, and access to the Airline Reporting Corporation (ARC)—the governing body administering the sale of airline tickets—in order to conduct their business. ARC access gives agents the ability to use ARC's pricing database and to print airline tickets.[1] Generally, the agents are free to come and go as they please and are not required to work regularly scheduled hours. Agents are compensated monthly based on a preset commission from each sale.

■■ As a statutory matter, the fact that Travel Networkers pays its agents for their services means that they are deemed employees for unemployment tax purposes, unless Travel Networkers can prove that its agents are independent contractors, as that term is defined in ORS 670.600. *See* ORS 657.040(1)(a).[2] ORS 670.600 sets out eight factors to determine whether a person is an independent contractor for the

---

[1] Many agents maintain home offices where they can access ARC's pricing database and Travel Networkers' ARC ticket printers. However, even when they generated tickets from their home offices, the agents could print the tickets only at the ARC ticket printers located at Travel Networkers' offices.

[2] ORS 657.040 provides:

"(1) Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the Director of the Employment Department that:

purposes of unemployment taxes. *Church at 295 S. 18th St. v. Employment Dept.*, 175 Or App 114, 119-20, 28 P3d 1185 (2001); *Canvasser Services, Inc. v. Employment Dept.*, 163 Or App 270, 274, 987 P2d 562 (1999). To come within the independent contractor exception, Travel Networkers must prove that all applicable factors have been satisfied. *Church at 295 S. 18th St.*, 175 Or App at 121-22. If any applicable factor is not established, "then [Travel Networkers] has failed to satisfy *all* of the statutory requirements, and the independent contractor exemption does not apply." *See id.* (emphasis in original).

In this case, the Department determined that Travel Networkers' agents were employees and not independent contractors. The Department assessed Travel Networkers $29,238.67 in unemployment insurance taxes for the years 1995, 1996, and 1997. Travel Networkers requested a hearing, claiming that its agents were independent contractors. *See* ORS 657.040. Six of the 56 agents under Department review testified at the hearing. The hearings officer found that Travel Networkers had failed to prove that any of the eight statutory factors set out in ORS 670.600 had been met. He accordingly upheld the Department's determination that Travel Networkers' agents were employees and that Travel Networkers was liable for unemployment taxes. Travel Networkers seeks review of that ruling.[3]

"(a) Such individual is an independent contractor, as that term is defined in ORS 670.600; or

"(b) Such individual has been and will continue to be free from control or direction over the performance of such services, both under a contract of service and in fact; and

"(c) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service."

ORS 657.040 recognizes two exceptions to the presumption in subsection (1) that a person who is compensated for his or her services is an employee. A person may be an independent contractor, as that term is defined in ORS 670.600. *See* ORS 657.040(1)(a). Alternatively, a person may meet the two-part test set out in ORS 657.040(1)(b) and (c). Travel Networkers did not argue below nor has it argued on review that it came within the exception set out in ORS 657.040(1)(b) and (c). Our opinion is accordingly limited to the question whether Travel Networkers is an independent contractor as that term is defined in ORS 670.600.

[3] A business may request a hearing challenging the Department's assessment. ORS 657.683(1). The hearings officer may enter a decision affirming, modifying, or setting aside the Department's assessment. ORS 657.683(4). That decision is final and represents the Department's ultimate action. ORS 657.683(5). A business may seek review of that final decision in this court. ORS 657.684.

■ On review, Travel Networkers raises 13 assignments of error, all but one of which are directed at the hearings officer's findings that the factors set out in ORS 670.600 had not been established.[4] We need not decide whether each of those findings is correct. As explained above, if one of the findings is correct, then Travel Networkers' agents are its employees for unemployment tax. purposes. *See Church at 295 S. 18th St.*, 175 Or App at 121-22.

■ To establish that agents are independent contractors under ORS 670.600, Travel Networkers had to prove, among other things, that its agents "furnishe[d] the tools or equipment necessary for performance of the contracted labor or services[.]" ORS 670.600(3).[5] On that issue, the hearings officer found, in part, that

> "[n]o individual furnished all of the tools or equipment to perform the service. They may have provided some supplies, but *applicant provided most of the forms necessary to do the job. Applicant only could provide ticketing because only it had the appropriate printer and authorization to use the printer.* Many of the individuals chose to have their own computers and also rent software that would allow them to do work at home. But, even the software was owned or licensed to applicant."

(Emphasis added.)

■ Travel Networkers argues that that finding is not supported by substantial evidence.[6] The Department

---

[1] The 12th assignment of error states that the hearings officer erred in concluding that Travel Networkers failed to prove that one agent's listed income should be corrected in the Department's assessment. Travel Networkers argues that the assessment contained a different income amount from the 1099 form it submitted and that the hearings officer erred in not correcting the discrepancy. Under ORS 657.684, the assessment is presumed correct, and the employer has the burden of proving otherwise. Travel Networkers argued below that corrections were warranted as to two other agents but did not raise the issue regarding the agent specified in the 12th assignment. Travel Networkers is precluded from raising this issue for the first time on appeal. *State v. Hitz*, 307 Or 183, 188-89, 766 P2d 373 (1988).

[5] ORS 670.600(3) requires proof that:

"[t]he individual or business entity providing labor or services furnishes the tools or equipment necessary for performance of the contracted labor or services[.]"

[6] We review the hearings officer's findings for substantial evidence and to determine whether his conclusions of law are correct as a matter of law. *Oregon*

responds that the evidence shows that Travel Networkers provided all its agents with access to ARC and the resulting ability to print airline tickets, which was necessary for them to perform their jobs. On that point, the evidence showed that ARC is the only company in the world that reports to every major airline and that affiliation with ARC or a similar entity is necessary to enable travel agents to provide their customers with airline tickets.[7] Having affiliated with ARC, Travel Networkers provides its agents with access to ARC's pricing database and ARC's ticket printing capacity.[8] Airline tickets that the agents issue can be printed only on Travel Networkers' ticket printers. There was thus substantial evidence to support the hearings officer's finding that the access Travel Networkers provided to ARC was essential to the agents' issuing tickets and other travel arrangements. Put another way, the hearings officer reasonably could find that Travel Networkers furnished the tools or equipment "necessary for performance" of the agents' jobs.

Travel Networkers argues that the relationship among ARC, Travel Networkers, and Travel Networkers' agents more closely resembles a wholesale-retail model rather than that of an employer-employee. It reasons that ARC is equivalent to a manufacturer that delivers products (tickets) to a wholesale distributor (Travel Networkers), which, in turn, delivers the products to a retailer (Travel Networkers' agents) "on a COD basis," who then sell the products to the general public. It may be that the hearings officer could have drawn that inference, but he also reasonably could have

---

*Drywall Systems v. Natl Council on Comp. Ins.*, 153 Or App 662, 666, 958 P2d 195 (1998). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c); *see Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990).

[7] ARC requires an extensive application and approval process that includes the posting of a sizeable bond, and agencies negotiate for unique ARC commission schedules reflecting their respective anticipated sales volume. Individual agents generally forgo the ARC approval process because of the bond requirement and the poor commission bargaining position afforded an individual agent.

[8] It may be that Travel Networkers' agents could get access to other ARC-affiliated ticket providers on the Internet and through other means, but the question is not whether the agents could have obtained the tools or equipment necessary to do their job through some other means. Rather, the question posed by ORS 670.600(3) is whether Travel Networkers furnished its agents with necessary tools or equipment.

inferred that Travel Networkers was more like an employer who provides necessary equipment to its employees. Because the evidence permits either inference, substantial evidence supports the hearings officer's factual findings on that factor. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). We accordingly affirm the Department's final decision assessing unemployment tax against Travel Networkers for 1995, 1996, and 1997.

Affirmed.