Argued and submitted January 3, affirmed May 15, 2003

PACIFICAB CO.,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Linda J. Benge,
*Respondents.*

01-AB-0770; A114899

69 P3d 774

Peggy Hennessy argued the cause for petitioner. With her on the brief was Reeves, Kahn & Hennessy.

Kelly Knivila, Assistant Attorney General, argued the cause for respondent Employment Department. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent Linda J. Benge.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

PacifiCab Company (PacifiCab), a taxi service, fired Linda Benge (claimant), one of its drivers, who then applied for unemployment insurance benefits. PacifiCab opposed the claim on the grounds that claimant was an independent contractor and therefore not covered by the unemployment insurance laws, and in any event, even if she was an employee, she was fired for misconduct and therefore did not qualify for benefits. The Employment Department (department) issued an administrative decision allowing benefits; it concluded that claimant was an employee and that she was not discharged for misconduct. PacifiCab appealed. The hearing officer reversed, concluding that claimant was an independent contractor. Because that determination rendered claimant ineligible for benefits regardless of the reason for her discharge, the hearing officer did not reach the misconduct issue. Claimant and the department appealed to the Employment Appeals Board (EAB), which reversed the hearing officer and held that claimant was an employee. EAB issued an order so stating and remanded the case to the hearing officer for a ruling on the merits of the misconduct issue. PacifiCab seeks judicial review of that order.[1] We affirm.

EAB made extensive findings of fact and PacifiCab does not dispute them. As relevant to this case, and in broad strokes—more detail follows in our discussion below—EAB found that PacifiCab had contracts with two public transit entities, Tri-Met and Ride Connection, to provide medical transportation services for qualifying individuals in Washington County. PacifiCab hired drivers, including claimant, to provide those services. PacifiCab allowed its drivers to use their own vehicles if the vehicles met certain standards or to lease company vehicles. Because her own vehicle did not meet the standards (it was too old), claimant

---

[1] Despite the remand, EAB's order is final and therefore reviewable. ORS 657.282; ORS 183.480. That is so because it is a statement that "preclude[s] further agency consideration of the subject matter of the statement." ORS 183.310. The hearing officer's decision did not reach the merits of the claim, so the only "subject matter" before EAB was whether claimant was an independent contractor or an employee.

leased. PacifiCab also allowed drivers to provide rides to customers independently, that is, without use of PacifiCab's dispatch service. As payment for her services, claimant received her fares minus the following deductions: a weekly assessment of $250 in "dues"; a percentage of her PacifiCab-generated fares to cover dispatch fees and other services; and $125 per week to lease the vehicle (including its two-way radio). Claimant was discharged for violating some of the standards specified in her contract after Tri-Met and Ride Connection informed PacifiCab that, because of those violations, claimant could no longer be used for agency contract work. Claimant sought unemployment insurance benefits, and these proceedings followed.

■ ■ Oregon's unemployment insurance statutes, ORS chapter 657, apply only to "employment," defined with certain exceptions as "service for an employer * * * performed for remuneration or under any contract of hire * * *." ORS 657.030(1). The parties agree that claimant performed services for remuneration and under contract. However, one of the exceptions, ORS 657.040(1)(a), states that "employment" does not include services performed by an "independent contractor, as that term is defined in ORS 670.600[.]" That statute, in turn, provides that, to be considered an "independent contractor," an individual such as claimant must meet eight "standards." Each standard is conclusive, not a factor to be weighed. *Trabosh v. Washington County*, 140 Or App 159, 163, 915 P2d 1011 (1996). To overcome the department's determination that claimant was an employee, PacifiCab must prove that claimant met all of those standards. *Travel Networkers, LLC v. Employment Dept.*, 175 Or App 502, 505, 30 P3d 416 (2001); *Canvasser Services, Inc. v. Employment Dept.*, 163 Or App 270, 272, 987 P2d 562 (1999), *rev den*, 329 Or 650 (2000).

EAB found that PacifiCab failed to provide persuasive evidence that claimant was free from the direction and control of PacifiCab over the means and manner of her work, subject only to PacifiCab's right to specify desired results, ORS 670.600(1); that she had authority to hire and fire employees, ORS 670.600(4); that she was paid on completion of specific portions of her work, ORS 670.600(5); and that she represented to the public that her services were provided by

an independently established business, ORS 670.600(8). Because we agree that PacifiCab did not prove that claimant met that last standard, public representation as an independently established business, we do not decide whether EAB's conclusions regarding the other standards are also correct.

ORS 670.600(8), the standard on which we focus, provides:

"The individual or business entity represents to the public that the labor or services are to be provided by an independently established business. * * * [A]n individual or business entity is considered to be engaged in an independently established business when four or more of the following circumstances exist:

"(a)   The labor or services are primarily carried out at a location that is separate from the residence of an individual who performs the labor or services, or are primarily carried out in a specific portion of the residence, which portion is set aside as the location of the business;

"(b)   Commercial advertising or business cards as is customary in operating similar businesses are purchased for the business, or the individual or business entity has a trade association membership;

"(c)   Telephone listing and service are used for the business that is separate from the personal residence listing and service used by an individual who performs the labor or services;

"(d)   Labor or services are performed only pursuant to written contracts;

"(e)   Labor or services are performed for two or more different persons within a period of one year; or

"(f)   The individual or business entity assumes financial responsibility for defective workmanship or for service not provided as evidenced by the ownership of performance bonds, warranties, errors and omission insurance or liability insurance relating to the labor or services to be provided."

To prevail, PacifiCab must demonstrate that claimant met four of the requirements. Clearly, PacifiCab met its burden with respect to subsection (a): Claimant provided

services primarily (indeed, entirely) away from her residence. The department does not contend otherwise. Likewise, the parties do not dispute that claimant performed services "only pursuant to written contract[ ]" with PacifiCab, thereby meeting the requirement in subsection (d).

Further, it is arguable that PacifiCab demonstrated that claimant met the requirement of subsection (f), which deals with whether a claimant "assumes financial responsibility" for defective or incomplete work. EAB found that claimant signed a contract agreeing to "indemnify and hold PacifiCab harmless as to any judgments, claims, or causes of action brought or assessed against PacifiCab for her negligence or failure to fulfill her responsibilities." PacifiCab maintains that that agreement constituted a "warranty," as that word is used in subsection (f). The department responds that, by promising to indemnify PacifiCab and hold it harmless, claimant promised only that she would not attempt to make *PacifiCab* liable for damages; she promised nothing about assuming responsibility herself. In fact, the department argues, the contract she signed with PacifiCab indicates how claimant was supposed to "assume financial responsibility"—she was to "maintain, at [her] expense, such insurance as will fully protect [her] from claims of any nature arising from the performance of [her] services." At most, the department argues, claimant's contract indicates that she *promised* to assume financial responsibility by purchasing liability insurance, but subsection (f) requires more than a promise; it requires actual assumption of responsibility, and the EAB found that she "did not purchase insurance coverage to protect her from claims arising from the performance of her work transporting PacifiCab's clients." Thus, according to the department, she did not actually "assume financial responsibility."

We need not resolve that dispute. Even if we were to conclude that PacifiCab were correct, it would still need to establish that claimant met the requirements of at least one more subsection. It has not done so. With respect to the three remaining subsections, PacifiCab's efforts to prove that claimant held herself out as an independently established business fall short.

Regarding subsection (b), the record contains no evidence (and PacifiCab does not contend) that claimant belonged to a trade association, and EAB found that she "did not purchase business cards or advertise her services as a driver * * *." PacifiCab concedes those findings but contends that they are irrelevant. Not having cards and advertising militates against independent contractor status, PacifiCab maintains, only if cards and advertisements are "customary in operating similar businesses," ORS 670.600(8)(b), and they are not customary in the taxicab business. However, PacifiCab failed to convince EAB of that fact and, indeed, introduced documentary evidence demonstrating that other independently established taxicab businesses *do* use cards and advertisements. EAB's findings with respect to cards and advertisements are therefore supported by substantial evidence. ORS 657.282; ORS 183.482(8)(c); *Canvasser Services, Inc.*, 163 Or App at 273.

To show that claimant met the requirements of subsection (c), PacifiCab needed to establish that she had a "telephone listing and service" that were "used for the business" and were "separate from the personal residence listing and service." It is undisputed that, although claimant briefly paid PacifiCab for use of a cell phone and later used a cell phone of her own for personal calls, she never had a business telephone number or anything resembling a separately listed service.

PacifiCab argues that claimant met the standard established by subsection (e), "Labor or services are performed for two or more different persons within a period of one year," because she "provided transportation services for several different persons every day," that is, her passengers. That argument misperceives the relationships at issue. The fact that claimant provided services for many different riders would be relevant only if the issue were whether the *passengers* employed her or contracted with her.[2] Thus, EAB's finding that "[c]laimant did not provide transportation services

_____

[2] If the relationship at issue were the one between claimant and her passengers, then PacifiCab might prevail with respect to subsection (e), but it would necessarily fail with respect to subsection (d) because there is no evidence that claimant performed her services for passengers "only pursuant to written contracts" with *them*.

for pay outside of her work for PacifiCab" correctly interprets subsection (e) as referring to the relationship between claimant and PacifiCab, not between claimant and her passengers, and that undisputed finding conclusively establishes that claimant does not meet the criterion set out in subsection (e).

We conclude, then, that PacifiCab did not demonstrate that claimant possessed sufficient indicia of status as an independently established business to meet the requirements of ORS 670.600(8). That being the case, we necessarily conclude that she has not been shown to be an independent contractor.

■ We wish to emphasize, however, two conclusions that we do *not* reach. First, because the inquiry under ORS 670.600(8) is fact-specific, our conclusion regarding claimant's status does not necessarily imply anything about taxi drivers in general, or even about other taxi drivers who might provide services for PacifiCab. Just as this court's conclusion in *Broadway Deluxe Cab v. Nat. Council on Comp. Ins.*, 113 Or App 482, 833 P2d 1303 (1992), that Broadway's drivers were independent contractors does not control this case, so too this case may or may not be relevant to the next dispute between a taxi driver and a taxi company.[3] Second, our conclusion does not imply that under the circumstances of this case claimant either was or was not free from PacifiCab's direction and control over the manner and means of providing services. Under ORS 670.600, the "direction and control" inquiry in section (1) is analytically separate from the "independently established business" inquiry in section (8).

■ In addition to its argument that claimant is an independent contractor, PacifiCab also argues that, in any event, we must remand this case under ORS 183.482(8)(b)(B) because "the agency's exercise of discretion * * * [was] inconsistent with * * * an officially stated agency position, or a prior agency practice, * * * [and] the inconsistency is not

---

[3] *Broadway Deluxe Cab* is distinctly different from the present case in many respects. Most obviously, it involved application of the common-law test for independent contractor status, which focused exclusively on whether the employer had the right to direct and control the provision of services and involved a balance of several factors, none of which was whether the drivers held themselves out as independently established businesses.

explained by the agency." In particular, PacifiCab argues that EAB's order declaring claimant to be an employee is inconsistent with two letters issued by the department. The first, from the department's tax section, stated that PacifiCab drivers "appear to be independent contractors for the audit period," that is, between January 1, 1996 and June 30, 1998. The second, written on November 15, 1998, informed a particular driver that she was an independent contractor and not an employee.

We reject PacifiCab's argument for several reasons. First and most basically, the argument appears for the first time in PacifiCab's brief before this court; it was never raised below, so no error was preserved. In such circumstances, we decline to consider the issue on appeal. *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 150-51, 881 P2d 119 (1994). Second, the argument is plainly meritless. Even if an adjudicative agency such as the EAB were governed by the statute requiring agency consistency in the exercise of discretion, an issue we do not and need not decide, PacifiCab would still have to demonstrate that the facts underlying the agency's determination in the prior cases were equivalent in relevant respects to the facts underlying the present case. It has not attempted to do so.

Affirmed.