IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

McKENZIE FENCE,                        )

                                  )

         Plaintiff,                )    TC-MD 110871N

                                  )

    v.                              )

                                  )

DEPARTMENT OF REVENUE,        )

State of Oregon,                )

                                  )

         Defendant.             )    **DECISION**

Plaintiff appeals Defendant's Notices of Determination and Assessment for the 2010 tax year, dated April 13, 2011, assessing withholding tax and Lane transit tax for the periods ending March 31, 2010, June 30, 2010, September 30, 2010, and December 31, 2010. Trial was held in the Tax Courtroom, Salem, Oregon, on August 6, 2012. James C. Jagger, Attorney at Law, appeared on behalf of Plaintiff. Deanna Mack, Senior Policy Analyst, appeared on behalf of Defendant. Roger William Bidwell (Bidwell), sole owner of Plaintiff, testified on behalf of Plaintiff. Plaintiff's Exhibits 101 through 110 and Defendant's Exhibits A through F were received without objection.

## I. STATEMENT OF FACTS

Bidwell testified that he is the sole owner of Plaintiff. He provided affidavits from the two workers at issue, Derek Down (Down) and Jesse Gould (Gould), each signed September 7, 2011. (Ptf's Exs 101, 103.) Bidwell testified that the affidavits accurately describe his relationships with Down and Gould. The affidavit of Gould states, in part:

> "I am not an employee and I operate under a work agreement which results in a 1099 filed each year for any monies paid to me by McKenzie Fence Co.

> "I also state that: as a Subcontractor, I am required to correct defective work; I make a significant investment in my business by purchasing tools or equipment

necessary to provide the services; and I pay for the premises for facilities where the services are provided, as required under ORS 670.600 (3) and that I am free of direction and control over the means and manner of providing services to McKenzie Fence Co."

(Ptf's Ex 101.)  The affidavit of Down states, in part:

"I am not an employee and I operate under a work agreement which results in a 1099 filed each year for any monies paid to me by McKenzie Fence Co.

"I also state that: as a Subcontractor, I am required to correct defective work; I make a significant investment in my business by purchasing tools or equipment necessary to provide the services; and I have the authority to hire other persons to provide or to assist in providing the services and the authority to fire those persons, as required under ORS 670.600 (3) and that I am free of direction and control over the means and manner of providing services to McKenzie Fence Co."

(Ptf's Ex 103.)  Neither Down nor Gould testified at trial.

Bidwell testified that he has a "pool" of "independent people" from which he draws for work on projects; he views them as independent contractors.  Bidwell did not identify any other individuals from that "pool."  He testified that he has separate agreements with those who work for him stating that they are independent contractors.  (*See, e.g.,* Def's Ex F at 3, 8 (a 2010 agreement with Gould and a 2008 agreement with Down, which Bidwell testified are both still in effect).)  Bidwell testified that, when he needs someone to work on a job, he calls up someone from his pool and offers a particular job, a flat fee, and a deadline for completion.  He testified that those in the pool negotiate with him over the price.  Bidwell testified that jobs with workers who are not licensed cannot exceed a total price "per address, per year" of $500.  Bidwell testified that the individuals who work for him also work for others; he is "sure" that the individuals who work for him worked for "at least" two others during the year. Bidwell testified that Gould is a great "framer," but he is now working for someone else and no longer works for Bidwell.

/ / /

Bidwell testified that, for each job, he typically has a "spec sheet" describing the job that is negotiated and agreed upon with the client. He testified that he typically gives a copy of the "spec sheet" to the individuals that he has hired for a particular job. Bidwell testified that Plaintiff's project contracts are with clients, including homeowners and contractors; those who work for Plaintiff do not participate in drafting or modifying Plaintiff's contracts with clients. Bidwell testified that, other than achieving the contracted-for results with the client, those who work for him are free to determine the time of day that they will work, within reason, and the tools that they will use. He testified that tools include hand tools, cement mixers, generators, saws, and others, all of which are provided by the individuals who work for him.

## II. ANALYSIS

ORS 316.167 imposes an obligation upon every employer to withhold income taxes from wages and salary paid to employees.[1] ORS 316.162 provides the pertinent definition of "wages":

> "(2) 'Wages' means remuneration for services performed by an employee for an employer, including the cash value of all remuneration paid in any medium other than cash, exception that 'wages' does not include remuneration paid:

> "* * * * *

> "(j) For services provided by an independent contractor, as defined in ORS 670.600."

Plaintiff argues that, under ORS 670.600, Down and Gould were "independent contractors" and did not receive "wages" from Plaintiff. ORS 670.600(2) states, in part:

> "(2) As used in ORS chapters 316, 656, 657, 671 and 701, 'independent contractor' means a person who provides services for remuneration and who, in the provision of the services:

> "(a) Is free from direction and control over the means and manner of providing the services, subject only to the right of the person for whom the services are

---

[1] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2009.

DECISION  TC-MD 110871N                                                                 3

provided to specify the desired results;

"(b) Except as provided in subsection (4) of this section, is customarily engaged in an independently established business;

"(c) Is licensed under ORS chapter 671 or 701 if the person provides services for which a license is required under ORS chapter 671 or 701; and

"(d) Is responsible for obtaining other licenses or certificates necessary to provide the services."

"The statutory criteria are conjunctive; a person is not considered an 'independent contractor' unless each is met." *Avanti Press, Inc. v. Employment Dept. Tax Section*, 248 Or App 450, 456, 274 P3d 190 (2012); *see also Preble v. Dept. of Rev.*, 331 Or 320, 324-25, 14 P3d 613 (2000) (stating that use of the word "and" to connect three statutory requirements "indicates that they are not alternatives"). Plaintiff must prove that both Down and Gould meet each of the requirements in ORS 670.600(2) to qualify them as independent contractors.

Defendant has promulgated rules concerning ORS 316.162 and ORS 670.600. OAR 150-316.162(2)(j)(1) states: "As used in the various provisions of ORS Chapters 316, 656, 657, 671 and 701, an individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of ORS 670.600 are met. See OAR 150-670.600 for definitions related to independent contractors." Defendant's rule pursuant to ORS 670.600 states, in pertinent part:

"(1) Purpose of Rule. The Landscape Contractors Board, Department of Revenue, Department of Consumer and Business Services, Employment Department, and Construction Contractors Board must adopt rules together to carry out ORS 670.600. ORS 670.600 defines 'independent contractor' for purposes of the programs administered by these agencies. This rule is intended to ensure that all five agencies apply and interpret ORS 670.600 in a consistent manner; to clarify the meaning of terms used in ORS 670.600; and, to the extent possible, to enable interested persons to understand how all five agencies will apply ORS 670.600.

"(2) Statutory Context.

"(a) ORS 670.600 generally establishes three requirements for 'independent contractors.' One requirement is that an 'independent contractor' must be engaged in an 'independently established business.' Another requirement is related to licenses and certificates that are required for an 'independent contractor' to provide services. A third requirement is that an 'independent contractor' must be 'free from direction and control over the means and manner' of providing services to others.

"(b) The specific focus of this rule is the 'direction and control' requirement. See ORS 670.600 for the requirements of the 'independently established business' test and for licensing and certification requirements."

OAR 150-670.600. That rule also provides specific definitions of "means," "manner," and "free from direction and control," as used in ORS 670.600. OAR 150-670.600(3).

The issue before the court is whether Down and Gould were independent contractors under ORS 670.600 during the 2010 tax year. Plaintiff has the burden of proof and must establish its case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet [its] burden of proof * * *." *Reed v. Dept. of Rev.* (*Reed*), 310 Or 260, 265, 798 P2d 235 (1990).

In a recent decision, *McKenzie Fence v. Department of Revenue* (*McKenzie*), TC-MD No 101272B (Nov 30, 2011), this court considered nearly identical facts and legal issues as presented in this appeal.[2] The previous appeal, TC-MD No 101272B, involved the periods ending June 30, 2009, September 30, 2009, and December 31, 2009, and concerned the employment status of Down only. As here, Down did not testify at trial. The court in TC-MD

---

[2] At trial in TC-MD No 101272B, Plaintiff verbally requested that this appeal be consolidated with Plaintiff's 2010 tax year appeal (this appeal) involving the same issue. The court denied Plaintiff's request to consolidate because, as of the trial date in that matter, Plaintiff had not yet filed an appeal for the 2010 tax year; there was no appeal to be consolidated as of the date of trial in TC-MD No 101272B.

No 101272B found:

> "The evidence supporting a finding that Down had an 'independently established business' during the subject periods is scant. Bidwell's testimony on that issue consisted primarily of speculation and Down, who possesses personal knowledge, was not available to testify at trial. That evidence is 'inconclusive and unpersuasive' and does not meet the burden of proof."

*McKenzie*, TC-MD No 101272B (citing *Reed*, 310 Or at 265).[3] The court reaches a similar conclusion in this matter.

The determination whether an individual is an employee or independent contractor is "fact-specific." *See PacifiCab Co. v. Employment Dept.*, 187 Or App 693, 700, 69 P2d 774 (2003). "If the relationship of employer and employee actually exists, a different description of the relationship by the parties is immaterial; thus, it is of no consequence that the employee may be designated as a partner or independent contractor, contrary to fact." OAR 150-316.167(1)(6). Plaintiff has presented the court with little to no factual evidence in support of its position. Plaintiff provided affidavits of Down and Gould which, in essence, recite the requirements of ORS 670.600(2) nearly verbatim. The affidavits shed no light on the nature of the work relationship between Plaintiff and Down and Gould. As in the 2009 tax year appeal, the testimony of the alleged independent contractors is critical to the court's determination. However, neither Down nor Gould testified at trial. The evidence presented by Plaintiff is inconclusive. Plaintiff's appeal must, therefore, be denied.

/ / /

/ / /

/ / /

/ / /

---

[3] Plaintiff disagrees with the court's conclusion in TC-MD No 101272B, but did not appeal that decision to the Regular Division of this court within the 60 days allowed under ORS 305.501.

### III. CONCLUSION

After careful consideration, the court finds that Plaintiff's evidence is inconclusive and its appeal must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of October 2012.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on October 9, 2012. The Court filed and entered this Decision on October 9, 2012.*