Argued July 12, affirmed December 5, 1978

# MITCHELL BROTHERS TRUCK LINES, *Petitioner,*
### *v.*
# EMPLOYMENT DIVISION, *Respondent.*
## (No. 76-T-52, 77-T-10, 77-AB-610, CA 8100, 8099, 8574, SC 25729*)

587 P2d 475

J. Terrance Bittner, Portland, and Willard E. Fox, Salem, argued the cause for petitioner. With Mr. Bittner on the briefs were Lynda Nelson Gardner, and Jones, Lang, Klein, Wolf & Smith, Portland.

Al J. Laue, Solicitor General, argued the cause for respondent. On the brief were James A. Redden, Attorney General, W. Michael Gillette, then Solicitor

General, and John W. Burgess, Assistant Attorney General, Salem.

Before Holman, Presiding Justice, and Tongue, Howell, Bryson, Lent and Linde, Justices.

HOLMAN, J.

*Consolidated with *Republic Dev. Co., Inc. v. Emp. Div.,* 284 Or 431, 587 P2d 466 (SC 25728), and *Byrne Trucking, Inc. v. Emp. Div.,* 284 Or 443, 587 P2d 473 (SC 25730) for argument.

## HOLMAN, J.

This case was accepted pursuant to a petition for review from a decision of the Court of Appeals, 32 Or App 279, 573 P2d 336 (1978). The issue is whether two individuals with whom petitioner had entered into hauling contracts rendered services to petitioner which constitute employment subjecting petitioner to liability for unemployment compensation taxes. This case was heard at the same time as the review in two similar cases, *Republic Dev. Co., Inc. v. Emp. Div.*, 284 Or 431, 587 P2d 466 (1978) and *Byrne Trucking, Inc. v. Emp. Div.*, 284 Or 443, 587 P2d 473 (1978). The opinions in those cases are explanatory of and should be read together with our decision here.

The agreements between the petitioner, a common carrier, and the truck operators in this case are similar to those in *Byrne Trucking, Inc.* One operator had driven for petitioner during a strike and thereafter entered into an agreement with petitioner for the purchase of a truck from it which he in turn leased back to petitioner. He paid nothing down and used the truck to pull petitioner's trailers. When he decided he could no longer profitably drive the truck and make the payments and repairs on it, he brought it back to petitioner's place of business and walked away. There is no indication that petitioner took any legal action to enforce or recognize any rights arising out of the purported sale. It is obvious that petitioner has not carried the burden pursuant to the requirements of ORS 657.040 by proving that this was a genuine transaction and that the services rendered were other than employment. *See Byrne Trucking, Inc. v. Emp. Div., supra.*

The second individual whose services are claimed to be taxable was engaged by one Belt as a driver for a truck or trucks which Belt leased to petitioner. The record is not clear whether Belt had leased only one truck to petitioner or whether there were more than

one. Neither does the record disclose whether Belt was leasing the equipment from petitioner and then leasing it back, whether he was purportedly buying it from petitioner or from someone else, or whether he owned it outright. In the absence of any evidence on these matters or that the ostensible position of the parties was genuine, petitioner has not carried its burden of proof of showing that the individual in question here was other than petitioner's employe. Neither Belt nor the driver testified.

We do not mean to suggest that if the proof had shown that Belt actually had the beneficial ownership of more than one vehicle for which he was hiring one or more drivers and which he was leasing to petitioner, the services rendered would have been services subject to a tax upon petitioner. We note that during the hearing in this case there was evidence that there were others, each of whom had on lease to petitioner as many as four or five trucks at the same time. In these instances the services rendered were held by the Division and referee not to be subject to a tax upon petitioner. There can be no doubt that in these situations the lessors were conducting an independently established business venture in which they were not just making a job for themselves. It is worth observing that this result would not have been possible under the services *qua* services test applied by the Court of Appeals under ORS 657.040(2)(a) which we discussed at length in *Republic Dev. Co., Inc., supra.* Nor would it have been possible to hold that the services were not subject to tax under subsection (2)(b) because the truck owners leased trucks only to petitioner and therefore did not "customarily have two or more effective contracts." This illustrates the inappropriateness of the services *qua* services test and demonstrates how it conflicts with the intention of the legislature to exempt services rendered by independently established businesses.

The decision of the Court of Appeals is affirmed.