Argued and submitted February 7, 2005, affirmed March 8, 2006

OREGON FESTIVAL OF AMERICAN MUSIC,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

03-TAX-00080; A123406

130 P3d 795

Dennis W. Percell argued the cause for petitioner. With him on the briefs were Andrew P. Parks and Arnold Gallagher Saydack Percell Roberts & Potter, P.C.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

_____

* Brewer, C. J., *vice* Leeson, J. pro tempore.

ARMSTRONG, J.

**ARMSTRONG, J.**

The Oregon Festival of American Music (petitioner) seeks judicial review of an order of the Employment Department upholding unemployment tax assessments for each quarter of the years 1998 through 2000. We review the department's order for substantial evidence and errors of law, ORS 183.482(8)(a), (c), and affirm.

The relevant facts are largely undisputed. Petitioner, a nonprofit entity under section 501(c)(3) of the Internal Revenue Code, organizes music festivals, concerts, workshops, lectures, and music schools. It has a director and administrative staff. During each of the three years in question, petitioner hired a conductor to organize festivals and concerts and to make recommendations for the engaging of musicians and other artists and participants. Petitioner engaged only musicians who were members of Union Local 689 of the American Federation of Musicians. Petitioner had a master contract with Local 689 and separate contracts with many of the individual artists, including all orchestra members. Each of approximately 80 separate contracts with orchestra musicians provided that the musician was an independent contractor and assumed full liability for all federal, state, and local taxes.

Petitioner also engaged other musicians, including jazz singers, ensemble singers, soloists, and others, and had "Artist Service Agreements" with many of those individuals. Those agreements also provided that the artist was "an independent contractor * * * and assumes full liability for all federal, state, and local taxes resulting from this contract." There were other artists and speakers who performed or worked for petitioner and were paid for their services but who did not have written agreements with petitioner.

The Employment Department's Tax Section conducted a routine random audit of petitioner's payroll and determined that petitioner had taxable payroll during each calendar quarter of the years 1998 through 2000 for which it had not paid unemployment taxes. It issued a notice of tax

assessment in which it treated each of the musicians and artists engaged by petitioner for festivals, workshops, and lectures as petitioner's employee and included amounts paid to each in petitioner's taxable payroll under ORS chapter 657.[1] Petitioner filed a request for hearing. An administrative law judge (ALJ) issued an order upholding the assessment, and petitioner seeks judicial review pursuant to ORS 657.684.

An "employer" must pay unemployment tax into the Unemployment Compensation Trust Fund. ORS 657.505. An "employer" is "any employing unit" employing one or more individuals in an employment subject to ORS chapter 657. ORS 657.025.[2] It is undisputed that petitioner is an "employer" as defined in ORS 657.025, subject to ORS chapter 657.

ORS 657.030 states the general rule for what constitutes employment subject to ORS chapter 657:

"(1) As used in this chapter, unless the context requires otherwise, and subject to ORS 657.035, 657.040 [describing independent contractors] and 657.045 to 657.094 [describing certain exclusions from employment], or any other section which excludes services from the term 'employment,' 'employment' means service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied."

Tax assessments of the department are *prima facie* correct, ORS 657.683(4), and the person challenging the assessment has the burden to establish that it was not the employer of the person performing the services within the meaning of ORS 657.025(1) or that the payments subject to assessment should for some other reason be excluded from

---

[1] The Employment Department excluded from taxable payroll the payments that petitioner made to the conductor.

[2] ORS 657.025(1) defines "employer" as

"any employing unit which employs one or more individuals in an employment subject to this chapter in each of 18 separate weeks during any calendar year, or in which its total payroll during any calendar quarter amounts to $225 or more."

ORS 657.020(1)(a), in turn, defines "employing unit" as

"[a]ny individual or type of organization * * * who has or had in its employ one or more individuals performing services for it within this state."

taxation. *Mitchell Bros. v. Emp. Div.*, 284 Or 449, 451, 587 P2d 475 (1978); *Byrne Trucking, Inc. v. Emp. Div.*, 284 Or 443, 446, 587 P2d 473 (1978); *Church at 295 S. 18th St. v. Employment Dept.*, 175 Or App 114, 118, 28 P3d 1185 (2001).

■ On review, petitioner asserts that amounts paid for services performed by the musicians were not taxable payroll because, pursuant to ORS 657.506(1) (1983),[3] it was not their employer. ORS 657.506 (1983) provides:

> "(1) The person or organization engaging the services of a musician or musicians shall be considered the employer for the purposes of this chapter, except when the services are performed pursuant to a written contract that expressly designates one or more musicians who sign the contract as responsible for the filing of any reports and the payment of any taxes based upon wages or earnings of a musician or musicians performing services under the contract. A written contract that so designates a musician or musicians as responsible shall be conclusive evidence that the person or organization engaging the services is not the employer of a musician or musicians performing services under the contract. The musician or musicians who sign a written contract designating them as responsible shall, for purposes of this chapter, be considered the employer of any musician performing services under the contract who did not sign the contract.

> "(2) The provisions of subsection (1) of this section do not apply to services performed for a nonprofit organization, as defined in ORS 657.072, for this state, or for a political subdivision of this state."

The first clause of the first sentence of subsection (1) states the general rule that a person or organization "engaging the services of a musician shall be considered the employer for the purposes of this chapter." The second clause creates a special rule: When the services are performed pursuant to a

---

[3] ORS 657.506(2), *amended by* Or Laws 2001, ch 372, § 13, and Or Laws 2005, ch 218, § 17, now provides:

"The provisions of subsection (1) of this section do not apply to services performed for: (A) a nonprofit employing unit; (B) this state; (C) a political subdivision of this state; or (D) an Indian tribe."

The 2005 amendments are effective January 1, 2006. All references in this opinion are to the 1983 version.

written contract that expressly designates one or more musicians who have signed the contract as responsible for the filing of reports and payment of taxes, the contract "shall be conclusive evidence that the person or organization engaging the services is not the employer of a musician or musicians performing services under the contract." Petitioner asserts that the contracts it had with orchestra members and other musicians fit within the special rule, because the contracts placed responsibility for payment of taxes on the individual musicians. Accordingly, petitioner asserts, it was not the employer of those people. In the department's view, ORS 657.506(1) (1983), including the special rule, is not applicable to petitioner. Because we agree with the department on that point, we do not address petitioner's contention that its contracts with musicians were sufficient to satisfy the special rule.

ORS 657.506(2) (1983) provides that subsection (1) is not applicable to services performed for "a nonprofit organization, as defined in ORS 657.072, for this state or, for a political subdivision of this state." The department contends that petitioner is a nonprofit organization "as defined in ORS 657.072," and is therefore excluded from the scope of ORS 657.506(1).

At the relevant time, ORS 657.072 provided:[4]

"(1) 'Employment' does not include service performed:

"(a) In the employ of:

"(A) A church or convention or association of churches; or

---

[4] As amended in Oregon Laws 2005, chapter 218, section 1, ORS 657.072 provides:

"'Employment' does not include service performed for a nonprofit employing unit by an individual receiving rehabilitation or remunerative work in a facility conducted for the purpose of carrying out a program of rehabilitation for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury, or providing remunerative work for individuals who because of their impaired physical or mental capacity cannot be readily absorbed in the competitive labor market."

"(B) An organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches;

"(b) By a duly ordained, commissioned or licensed minister of a church in the exercise of ministry or a member of a religious order in the exercise of duties required by such order; or

"(c) In a facility conducted for the purpose of carrying out a program of rehabilitation for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury, or providing remunerative work for individuals who because of their impaired physical or mental capacity cannot be readily absorbed in the competitive labor market when such service is performed by an individual receiving such rehabilitation or remunerative work.

"(2) Provisions of subsection (1) of this section apply only to services performed for a nonprofit employing unit. A 'nonprofit employing unit' means an organization, or group of organizations, described in section 501(c)(3) of the U.S. Internal Revenue Code which is exempt from income tax under section 501(a) of the U.S. Internal Revenue Code."

The parties agree that petitioner is not a church, a religious organization, or a rehabilitation facility described in ORS 657.072(1). They also agree that petitioner is a "nonprofit employing unit" as that term is defined in ORS 657.072(2), and an organization exempt from payment of income tax by Internal Revenue Code section 501(a). In the department's view, the cross-reference in ORS 657.506(2) to "a nonprofit organization as defined in ORS 657.072," is a reference to the definition stated in ORS 657.072(2), petitioner is such an organization, and, therefore, the provisions of ORS 657.506(1), including its special rule for musicians covered by a contract, do not apply.

Petitioner points out two problematic aspects of the department's interpretation: First, the reference in ORS 657.506(2) is to the *whole* of ORS 657.072, not just to subsection (2), and as thus literally applied, ORS 657.506(2) means that a nonprofit entity is excepted from the provisions of ORS 657.506(1) only if it is one of the types of organizations described within the whole of ORS 657.072, including ORS

657.072(1). Second, petitioner contends, there is no definition of "nonprofit organization" in ORS 657.072(2), strengthening its conclusion that the cross-reference in ORS 657.506(2) is intended to encompass the descriptions of organizations in ORS 657.072(1), and not just subsection (2).

In response, the department acknowledges that the cross-reference is to the whole of ORS 657.072, and that ORS 657.072 does not literally define "nonprofit organization." The department notes, however, that ORS 657.072(2) contains the only "definition" in ORS 657.072—that being for a "nonprofit employing unit," which is defined as an *organization* subject to section 501(c)(3) of the Internal Revenue Code. It reasons that that is most likely the type of organization that the legislature intended to exclude from the scope of ORS 657.506(1) (1983). We agree with the department that that is the most plausible meaning of the cross-reference. We reach that conclusion because a cross-reference excluding from the requirements of ORS 657.506(1) only those organizations that satisfy the whole of ORS 657.072 would be superfluous, because services for those types of organizations are already excluded from employment by ORS 657.072 and would not be subject to the general rule of ORS 657.506 in any event. However, because petitioner's understanding of the cross-reference is at least plausible, we also consider the legislative history of ORS 657.506.

Subsection (2) became a part of ORS 657.506 in 1983. Or Laws 1983, ch 545, § 1. In the Staff Measure Analysis for the amendment to ORS 657.506, Senate Bill 431, Cheyenne Chapman, the Senate Labor Committee Administrator, wrote:

> "This bill provides that the person or organization engaging the services of a musician or musicians is to be considered the employer for unemployment compensation purposes, unless a written contract designates a musician or the musicians responsible. This provision does not apply to non-profit organizations or the state or political subdivisions of the state, for purposes of federal conformity."

The mention of "federal conformity" can only be a reference to the Federal Unemployment Tax Act (FUTA). FUTA has been addressed in a number of Oregon decisions. In *Salem College*

*& Academy, Inc. v. Emp. Div.*, 298 Or 471, 695 P2d 25 (1985),
the Supreme Court explained that, as an incentive to the
states to adopt adequate unemployment compensation pro-
grams, FUTA, 26 USC §§ 3301 to 3311 (1982), provides a 90
percent offset against the federal payroll tax for employers
for payments made to state unemployment compensation
programs that meet federal standards. 26 USC § 3309. As the
court said, compliance with FUTA is voluntary, "though not
practically or politically so." 298 Or at 477; *see Employment
Div. v. Rogue Valley Youth for Christ*, 307 Or 490, 499, 770
P2d 588 (1989) ("Given the existence of FUTA, any state's
unemployment tax must, as a practical matter, comply with
FUTA's requirements or the state's employers would face a
double tax.").

■    There is thus a strong incentive for states to main-
tain conformity with FUTA requirements, and Oregon has
expressly legislated that conformity. As previously noted,
ORS 657.030 states the general rule that " 'employment'
means service for an employer * * * performed for remuner-
ation." ORS 657.030(2) provides:

> "Notwithstanding any other provisions of this chapter,
> 'employment' shall include service:
>
> "(a)   Which is subject to the tax imposed by the Federal
> Unemployment Tax Act; or
>
> "(b)   Which is required to be covered under this chapter
> as a condition for employers to receive a full tax credit
> against the tax imposed by the Federal Unemployment Tax
> Act."

Conformity with federal law has been a consistent theme in
the development and evolution of Oregon's unemployment
compensation system. *See, e.g., Rogue Valley Youth for
Christ*, 307 Or at 493-97.

In light of that background, the legislative history of
ORS 657.506(2) makes clear that the unambiguous purpose
of ORS 657.506(2) was to conform with perceived federal
unemployment tax requirements regarding all nonprofits (as
well as the other entities listed in ORS 657.506(2)), as dis-
tinct from only those nonprofits described in ORS 675.072(1),

by excluding them from the special rule for musicians established in ORS 657.506(1). We conclude, therefore, that the department's interpretation of ORS 657.506(2) is the correct one. Because petitioner is a nonprofit organization under section 501(c)(3) of the Internal Revenue Code, we conclude that the department correctly held that the provisions of ORS 657.506(1) are not applicable.[5]

Because ORS 657.506(1) does not apply to petitioner, the general provisions of ORS 657.030 regarding employment are applicable to it:

> "(1) As used in this chapter, unless the context requires otherwise, and subject to ORS 657.035, 657.040 [describing independent contractors] and 657.045 to 657.094 [describing certain exclusions from employment], or any other section which excludes services from the term 'employment,' 'employment' means service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied."

Petitioner argues that payments to musicians were not subject to payroll tax because the individuals were independent contractors under ORS 657.040. That section provides:

> "(1) Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the Director of the Employment Department that:

> "(a) Such individual is an independent contractor, as that term is defined in ORS 670.600; or

> "(b) Such individual has been and will continue to be free from control or direction over the performance of such services, both under a contract of service and in fact; and

> "(c) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service."

ORS 657.040 recognizes two exceptions to the presumption in subsection (1) that a person who is compensated for his or her services is an employee. A person may be an independent

---

[5] We do not attempt to understand or explain the legislature's apparent policy choice in ORS 657.506 to give for-profit entities an advantage in the hiring of musicians that is not similarly given to nonprofit entities.

contractor, as that term is defined in ORS 670.600. ORS 657.040(1)(a). Alternatively, a person may meet the two-part test set out in ORS 657.040(1)(b) and (c). Petitioner contends that it has established that the musicians were free from petitioner's direction and control and engaged in independently established businesses. Based on the record before it, the ALJ rejected both arguments, and petitioner's arguments pertain solely to those questions of fact. We conclude that the ALJ's findings are supported by substantial evidence.

Finally, we have considered and reject without further discussion petitioner's contention that the department should have given preclusive effect in this proceeding to a prior determination by the department that musicians performing services for a different entity, under similar but not identical facts, were independent contractors under ORS 670.600. *See Pacificab Co. v. Employment Dept.*, 187 Or App 693, 700, 69 P3d 774 (2003) (inquiry under ORS 670.600 is fact specific).

Affirmed.